35434. BROWN et al. v. STATE MERIT SYSTEM OF PERSONNEL ADMINISTRATION OF GEORGIA et al.
35435. BILLINGS et al. v. STATE MERIT SYSTEM OF PERSONNEL ADMINISTRATION OF GEORGIA et al.
35436. DAVIS et al. v. STATE MERIT SYSTEM OF PERSONNEL ADMINISTRATION OF GEORGIA et al.

BOWLES, Justice.

This appeal is from an order of DeKalb Superior Court denying appellants injunctive relief and refusing to declare certain regulations of the State Personnel Board unconstitutional. Appellants are state employees whose jobs were affected by the implementation of reductions-in-force plans approved by the State Merit System. Appellees include the State Merit System of Personnel Administration of Georgia, the State Personnel Board and its members, the Commissioner of the State Merit System of Personnel Administration of Georgia, the Department of Human Resources of the State of Georgia, the Commissioner of the Department of Human Resources, the Director of the Division of Physical Health

of the Department of Human Resources, and the Director of Personnel Services of said Department.

During the 1979 legislative session, the Georgia General Assembly reduced the appropriation for the Division of Physical Health. As a result, many positions in the division had to be abolished. Pursuant to Regulation D of the Rules and Regulations of the State Personnel Board, the Department of Human Resources, Division of Physical Health, proposed two reduction-in-force plans, one for the state office and one for the district office. The plans were submitted to the Commissioner of Personnel Administration and approved by him after review by his staff. Subsequent to approval, several minor changes were made in the plan due to the discovery of errors or due to people with greater retention credits having resigned or finding other employment, thereby making positions available to employees scheduled for demotion or separation under the plan. These changes were verified and initialed by the Merit System staff.

Appellants received notices that pursuant to the reduction-in-force plans they would be either involuntarily demoted or involuntarily separated. They filed suit complaining that the reduction-in-force regulations of the State Personnel Board were improperly promulgated and improperly applied in their cases. The complaints were consolidated in the trial court and on appeal to this court.

1. Appellants first complain that appellees did not comply with Regulation D of the State Personnel Board in implementing the reduction-in-force plans.

(a) They complain that the department did not submit a final proposed plan of action to the commissioner in accordance with Paragraph D. 103.1 of Regulation D. However, the trial court found that plans for reductions-in-force were submitted to the Commissioner of Personnel Administration. They were reviewed by him and approved on June 15, 1979. Since that approval there have been some employees in positions that were affected by the plan who have voluntarily resigned or otherwise left state employment. These employees possessed higher retention credits than some other employees affected by the reduction-in-force plan. Their leaving created vacancies for some other employees who had been de-

moted or separated as a result of the approved plan. The result was an adjustment under the plan but not an amendment to the plan itself. The same is true of corrected errors of retention credits. All adjustments and corrections to the plan were initialed by the Merit System staff. We do not find that such adjustments and corrections require resubmission of the plans for approval by the commissioner. Such a requirement would delay implementation of any reduction-in-force plan indefinitely and is not contemplated under Regulation D of the State Personnel Board's rules.

(b) They complain that the reduction-in-force plans were implemented for reasons other than "curtailment of funds or reduction in staff." This factual determination was made by the trial court adversely to appellant's position. The evidence supports this determination that every position abolished by the reductions-in-force was a direct result of reduction in funds made to the Division of Physical Health by the General Assembly. This was the justification given for all demotions and separations made under the plans and was authorized under Regulation D.

(c) Appellants complain that no non-status employees were laid off before formulating or submitting the proposed reductions-in-force plans to the commissioner, in violation of Section D. 400 of Regulation D. However, there is no evidence that there were any non-status employees employed by the Division of Physical Health at the time the plans were submitted.

(d) Appellants complain that they should not have been subject to any reduction-in-force action because under Regulation D only employees with less than "very good" ratings are subject to the plan. It is undisputed that appellants had received at least "very good" or "excellent" ratings as Merit System employees.

Section D. 300 provides, "Within a competitive area competition shall be among *all employees* holding positions of a particular class." (Emphasis supplied.) Thereafter, Section D. 500 provides the sequence for reduction within a competitive area based on rating and veteran status. Section D. 600 sets forth the number of retention credits to be given for various employee ratings, including employees with ratings of "very good" and

"excellent".

Appellants argue that because Section D. 500 did not specifically mention employees with "very good" and "excellent" ratings, they are excluded from the entire scope of State Personnel Board Regulation D. This interpretation of the regulation would virtually destroy the value of the regulation. Any agency where the performance ratings were high would be unable to reduce its staff even in the face of budget cuts by the General Assembly.

The construction which will give effect to a statute or rule is preferred to a construction which will destroy it. *Mathis v. Fulton Industrial Corp.,* 168 Ga. 719 (149 SE 35) (1929); *Wellmaker v. Terrell,* 3 Ga. App. 791 (60 SE 464) (1907). We interpret State Personnel Board Regulation D to apply to *all employees,* whatever their rating, including appellants.

We find the evidence supports the trial court's findings that appellees complied with State Personnel Board's Regulation D in implementing the reductions-in-force plans submitted and approved by the commissioner on June 15, 1979.

2. Appellants complain that Regulations C and D are unconstitutional under the State Constitution because veterans' preferences granted therein by the State Personnel Board and the State Merit System are made without authority or jurisdiction. Appellants do not challenge the substance of the rule, only the authority for the rule. The trial court concluded that the State Personnel Board had statutory authority to promulgate a veterans' preference in the reduction-in-force procedure and the General Assembly subsequently approved such action. We agree.

The Georgia Constitution provides that honorably discharged veterans "shall be given such veterans' preference in any civil service program established in the State government or any political subdivision thereof as may be determined by appropriate action of the General Assembly." Ga. Constitution, Art. IV, Sec. VI, Par. II (Code Ann. § 2-2402). The General Assembly has given the State Personnel Board broad authority to promulgate rules and regulations which have the force and effect of law. Code

Ann. § 40-2205 (b) (3). This authority would include the power to promulgate a veterans' preference into a reduction-in-force regulation. The General Assembly reaffirmed this authority in 1975 when it provided that, "The Rules and Regulations of the State Personnel Board in effect on the effective date of the Act shall remain in effect until amended, changed, modified or repealed by the Board." Ga. L. 1975, pp. 79, 86. Regulations C and D of the State Personnel Board's Rules and Regulations, including veterans' preference provisions, were reviewed and approved by the General Assembly in 1975 when it enacted its new Merit System Law. We see this as appropriate action taken by the General Assembly with regard to the veterans' preference to authorize the challenged portions of Regulations C and D.

3. Appellants complain that the reduction-in-force scheme contained in Regulation D is unconstitutional under the State Constitution because it denies them due process of law. The basis of their argument is that the retention credits which are set forth in Section D. 601.3 which determines which Merit System employees will be adversely affected give undue weight to the subjective ratings of performance received by state employees while undervaluing the length of continuous meritorious service in their employment. The ratings of performance are not subject to review, appeal or grievance by the state employee, and there is no objective standard for a supervisor to follow in determining an employee's rating on his job.

Under Georgia law, classified employees have no right to an evidentiary hearing on their involuntary demotions or separations when a reduction-in-force plan made in accordance with the State Personnel Board's Rules and Regulations is implemented. Code Ann. § 40-2207(b). As there is no allegation of misconduct on the part of the employee, the only issue to be determined would be whether retention points have been properly calculated. This type of determination does not require an evidentiary hearing. Board of Curators of the University of Missouri v. Horowitz, 435 U. S. 78 (98 SC 948, 55 LE2d 124) (1978); Mathews v. Eldridge, 424 U. S. 319 (96 SC 893, 47 LE2d 18) (1976).

We find no requirement under the due process provisions of our State Constitution that an employee be given a hearing on every decision made by his superior which might have an effect on his employment. Such a burden would create an unworkable system within state government. Additionally, we find that each appellant had supervisory ratings of "very good" or "excellent". These ratings, even if subjectively made, could have only served to help appellants in any reduction-in-force plan implemented in their department.

4. Appellants in Case No. 35436 complain that their involuntary demotions were, in fact, involuntary separations as a matter of law with all normal vested retirement benefits accruing as a result thereof. The trial court correctly ruled that it could not make any determination on this issue binding on the Employees Retirement System when neither the Board of Trustees of the Employees Retirement System nor the Employees Retirement System itself was a party to the proceedings. *Cantrell v. Board of Trustees of the Employees Retirement System of Ga.,* 135 Ga. App. 445 (1) (218 SE2d 97) (1975), affd. 237 Ga. 287 (227 SE2d 379) (1976).

Likewise, we find no merit in appellants' enumeration of error that their involntary demotions conflict with the prohibition against involuntary servitude contained in Art. I, Sec. I, Par. XIX of the State Constitution. This contention is unsupported by argument or authority.

Having found no merit in any argument raised by appellants in these three cases, we affirm the judgments of the trial court.

*Judgments affirmed. All the Justices concur.*

Argued October 9, 1979 — Decided February 5, 1980 — Rehearing denied February 19, 1980.

*W. Fred Orr, II, James G. Edwards, II,* for appellants.
*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General,* for appellees.