THE STATE, EX REL. CUTLER ET AL., APPELLANTS, *v.* PIKE COUNTY JOINT AREA VOCATIONAL SCHOOL DISTRICT, APPELLEE.

[Cite as State, ex rel. Cutler, *v.* Pike Cty. Joint Area Vocational School Dist. (1983), 6 Ohio St. 3d 138.]

(No. 82-511—Decided August 3, 1983.)

*Oths, Foley, Heiser & Cole, Co., L.P.A.,* and *Mr. Mark A. Foley,* for appellants.

*Mr. William W. Bevens,* prosecuting attorney, *Messrs. McDowall & Whalen, Mr. Dennis M. Whalen* and *Mr. G. Frederick Compton, Jr.,* for appellee.

*Per Curiam.* The question presented is whether respondent is under a mandatory duty to restore or continue employment of teachers who have a continuing contract when the subject in which the teachers are certified to teach is no longer offered by the school district.

Appellants contend that once a teacher has earned his continuing contract any termination of that contract is governed exclusively by the termination for cause provisions of R.C. 3319.16, which provides for a hearing, or the provisions for suspension enumerated in R.C. 3319.17.

The elimination of the course which relators were certified to teach is not an explicit reason for termination for cause under R.C. 3319.16, nor is it included as a specific basis for suspension under R.C. 3319.17. Whether the termination would constitute "good and just cause" pursuant to R.C. 3319.16 is not necessary for us to decide based on our resolution of this case on other grounds and because the procedures of R.C. 3319.16 are not involved, even though appellants contend otherwise.

The essence of appellants' argument is that their continuing contracts provide them with a vested interest in continuance of an electronics course by the appellee and, thus, subject their terminations to the provisions of R.C. 3319.16 and 3319.17. However, it is the *teaching of electronics* to which appellants' certifications and continuing contracts attach, and to which they have a vested interest. R.C. 3319.16 was enacted by the General Assembly to afford protection to teachers who have continuing contracts by providing for the safeguard of a hearing before termination for reasons relating to the teachers' conduct. There is nothing here which suggests any improper actions by appellants which might have been cause for the termination of their contracts.

Likewise, R.C. 3319.17 provides some protection to teachers under a continuing contract by enumerating conditions that must be present before the suspension of a teacher may occur. However, elimination of a course is not one of the listed conditions that must exist prior to any teacher suspensions.

There is no showing of the deprivation of any fundamental right or that some stigma relative to their teaching competency will attach to appellants as a result of the action taken by appellee. See *Dorian* v. *Bd. of Edn.* (1980), 62 Ohio St. 2d 182, 186 [16 O.O.3d 208].

Moreover, R.C. 3319.30 provides that "* * * no person shall receive any compensation for the performance of duties as teacher * * * who has not obtained a certificate of qualification for the position * * *." Further, a treasurer of any board of education is specifically prohibited by R.C. 3319.36 from paying a teacher any compensation unless that person is properly certificated.

Appellants have not shown the required right to be restored to teaching positions or the corresponding mandatory duty of the respondent to provide

teaching employment for which appellants have no certification, both of which are necessary to support a mandamus action.

Whatever contractual rights to compensation appellants may have with respect to their continuing contracts may be the subject of appropriate civil action involving the application of relevant contract law principles.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.