**Francis J. DWYER, Plaintiff-Appellant,**

v.

**Edward V. REGAN, Individually and as Trustee and Administrative Head of the New York State Employees Retirement System, Defendant-Appellee.**

**No. 84–7956.**

United States Court of Appeals, Second Circuit.

June 11, 1986.

Eileen M. Kelley, Albany, N.Y. (William F. Sheehan, Hinman, Straub, Pigors & Manning, P.C., Albany, N.Y., on brief), for plaintiff-appellant.

William J. Kogan, Asst. Sol. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., State of N.Y., Robert Hermann, Sol. Gen., Peter H. Schiff, Deputy Sol. Gen., Albany, N.Y., on brief), for defendant-appellee.

Before TIMBERS, NEWMAN and KEARSE, Circuit Judges.

ORDER

Appellee having moved for rehearing of the above case and for modification of this Court's decision filed on November 21, 1985, 777 F.2d 825, and appellant having filed a brief in opposition, it is hereby ORDERED that the opinion filed on that date, officially reported at 777 F.2d 825–37, be modified at page 833 in the following respects:

(1) The first full paragraph, beginning "Nonetheless," is deleted, and the following is substituted in its place:

We recognize, of course, that a state may well, from time to time, decide to make its operations more efficient by abolishing or consolidating positions or by implementing a considered substantial reduction in its work force. We are not persuaded that the state must routinely provide hearings for employees whose positions are targeted for elimination whenever the state adopts such efficiency measures. Where, however, as here, there is no indication that the state has undertaken substantial measures such as these but rather is alleged to have targeted a single employee for termination, we hold that if the state has a due process obligation to provide a hearing prior to removing that employee from his ongoing position, and if the employee protests the notice of elimination of his position and contends that it is but a sham and pretext for the deprivation of his property right, the state must be prepared to grant the employee some kind of hearing prior to the termination of his employment.

(2) In the second full paragraph, the first five lines are deleted, and the following is substituted in its place: "Further, we think that, in the latter circumstances, due process requires that the preter-".

(3) In the third full paragraph, the third line is amended to read "sham, in circumstances such as these, be provided if one is requested, and".

(4) In the fourth full paragraph, the 25th and 26th lines are amended to read "tion and have held only that when such a hearing is required it need be provided only if requested, we conclude".

IT IS FURTHER ORDERED that the petition for rehearing be denied.