GRAHAM, Appellee,

v.

TRIWAY BOARD OF EDUCATION, Appellant.

[Cite as *Graham v. Triway Bd. of Edn.* (1992), 82 Ohio App.3d 34.]

Court of Appeals of Ohio,
Wayne County.

No. 2716.

Decided Aug. 26, 1992.

*Charles A. Kennedy,* for appellee.

*John C. Burkholder,* for appellant.

QUILLIN, Judge.

Defendant-appellant, Triway Board of Education, appeals from the trial court's order granting summary judgment in favor of plaintiff-appellee, William M. Graham, and reinstating him to his former position with an award of back pay. We reverse and remand.

William Graham ("Graham") was employed by the Triway Board of Education (the "board") under a continuing contract as the school district's only full-time bus mechanic. In July 1991, the board determined by resolution that the full-time bus mechanic position was no longer necessary or economically practical due to a change in the district's bus fleet. As a result, the board abolished the position of full-time bus mechanic. The following month, the board created the position of "mechanic helper/bus driver" and offered it to Graham at a lower salary. Graham accepted the board's offer for the 1991–1992 school year.

Graham then filed this action in the court of common pleas, seeking an order that the board's abolishment of his position of bus mechanic be set aside and that he be reinstated to that position with an award of back pay. Both parties filed motions for summary judgment. In granting Graham's motion, the trial court determined that the board had the authority to abolish the nonteaching position; that R.C. 3319.081 controlled the manner in which it abolished the position; and that Graham was entitled to, but did not receive, due process of law. The court declined to decide whether the bus mechanic position was in fact abolished, reasoning that the issue had not been reached.

The board now appeals the decision of the trial court, raising two assignments of error.

## Assignment of Error I

"The trial court erred in its determination that Section 3319.081 of the Revised Code establishes the procedure to be followed upon abolishing a nonteaching position."

The board correctly asserts that R.C. 3319.081 does not control the abolishment of nonteaching positions and that it was not required to follow the procedural mandates of that section in abolishing Graham's position.

R.C. 3319.081 sets forth the employment contract system for nonteaching school employees. In particular, it addresses the suspension, termination and demotion of nonteachers for cause, providing a procedure to be followed when an employee's conduct necessitates discipline:

"(C) The contracts as provided for in this section may be terminated by a majority vote of the board of education. Such contracts may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance. In addition to the right of the board of education to terminate the contract of an employee, the board may suspend an employee for a definite period of time or demote the employee for the reasons set forth in this division[.] * * *"

R.C. 3319.081, however, does not address or even implicitly refer to the abolishment or elimination of positions for economic reasons.

The Ohio Supreme Court considered an analogous situation in *State ex rel. Cutler v. Pike Cty. Joint Area Vocational School Dist.* (1983), 6 Ohio St.3d 138, 6 OBR 195, 451 N.E.2d 800. In that case, the board of education let two teachers go when the course they had been hired to teach was eliminated. The court held that because job elimination was not specifically addressed either under R.C. 3319.16, the teacher contract termination provision, or in R.C. 3319.17, providing for reductions in force, neither statute applied. Consequently, the board was not bound by the procedural requirements of those sections. *Id.* at 139, 6 OBR at 196, 451 N.E.2d at 801.

Although *Cutler* involved teaching employees, we believe it analogous to the present situation. Here, as in *Cutler*, the statute at issue does not include within its language the elimination or abolishment of an employee's position. It addresses and sets forth a procedure only for terminations, suspensions and demotions for cause. Because we see no distinction between the abolishment of a teaching and a nonteaching position that would justify different rules for each on this issue, we follow the reasoning in *Cutler* and hold that R.C. 3319.081 is inapplicable to the abolishment of a nonteaching position.

Given that R.C. 3319.081 has no application to this situation, it follows that the procedure for termination and suspension set forth in that section is likewise inapplicable. See *Cutler, supra*, 6 Ohio St.3d at 139, 6 OBR at 196, 451 N.E.2d at 801. Consequently, the board was not required to follow R.C. 3319.081 in abolishing the position of bus mechanic. The first assignment of error is sustained.

## Assignment of Error II

"The trial court erred in its determination that a non-teaching school employee is entitled to due process before such employee's position is abolished."

■ The common pleas court held that the board's decision to abolish Graham's position was void because it denied Graham due process of law.

Whether Graham was denied due process poses two separate inquiries: First, was he denied any statutorily required due process, and second, and more broadly, was he deprived of property without due process under the Fourteenth Amendment. *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 541, 105 S.Ct. 1487, 1492, 84 L.Ed.2d 494, 503.

R.C. 3319.081 requires certain procedural steps to be followed in terminations, demotions and suspensions of nonteaching employees for cause. However, as discussed above, this statute is inapplicable to job eliminations and abolishments. Therefore, any process mandated by that statute is equally inapplicable to eliminations and abolishments. Consequently, the board did not deny Graham due process of law by abolishing his position without regard to the procedure set forth in R.C. 3319.081.

■ The Fourteenth Amendment to the United States Constitution supplies additional procedural due process that must be afforded an individual who is deprived of a property interest. Due process is flexible, however, and calls for such procedural protections as the particular situation demands. *Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494.

It is well settled that where an employee who possesses a property interest in employment is dismissed for cause, due process requires notice and an opportunity for hearing prior to the dismissal. *Loudermill, supra,* 470 U.S. at 542, 105 S.Ct. at 1493, 84 L.Ed.2d at 503–504. Some opportunity for the employee to present his side of the case is recurringly of obvious value in reaching an accurate decision since dismissals for cause often involve factual disputes. *Id.* at 543, 105 S.Ct. at 1494, 84 L.Ed.2d at 504.

■ Where such an employee's position has been abolished, however, different considerations apply. It has been held that due process does not require a pretermination hearing in such a situation because the employee does not need an opportunity to present evidence on job performance. The employee's conduct is of no relevance to the decision to abolish the position. *Ryman v. Reichert* (S.D.Ohio 1985), 604 F.Supp. 467, 471. Furthermore, there is no risk that the employee will suffer stigma because there has been no discharge for cause. *Id.; Cutler, supra,* 6 Ohio St.3d at 139, 6 OBR at 196, 451 N.E.2d at 801.

In holding that Graham had been denied due process of law, the trial court relied heavily upon *Ferdinand v. Hamilton Local Bd. of Edn.* (1984), 17 Ohio App.3d 165, 17 OBR 296, 478 N.E.2d 835. We believe that case to be in

conflict with *Cutler,* however, and therefore decline to follow it. Rather, based upon the reasoning in *Cutler* and *Ryman,* we hold that a school board is not required to provide a pretermination hearing or notice when abolishing a job for reasons of economy or necessity. An employee's challenge to such an action by the board is more appropriately addressed in a post-abolishment proceeding in court. The second assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded to the trial court for a determination of whether the bus mechanic's position was, in fact, abolished.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and COOK, J., concur.