Vickie Jo FRANKS, Plaintiff,

v.

MAGNOLIA HOSPITAL and Gary Bland, Individually, Defendants.

No. 1:94CV152–B–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

May 26, 1995.

Jim D. Waide, III, Waide Law Office, Tupelo, MS, for plaintiff.

James E. Price, Jr., Price, Krohn & McLemore, Corinth, MS, for defendants.

## *MEMORANDUM OPINION*

BIGGERS, District Judge.

This cause comes before this court on the defendants' motion for summary judgment. The court has duly considered the parties' memoranda and exhibits and is ready to rule.

## INTRODUCTION

The plaintiff, an employee of the defendant hospital for eighteen years, was discharged as a result of a hospital-wide reduction in force in January of 1994. The plaintiff brought this action against the hospital and the hospital administrator, Gary Blan, alleging claims of wrongful discharge pursuant to 42 U.S.C. § 1983 based upon violations of the First and Fourteenth Amendments, as well as pendent state law claims for wrongful discharge arising out of rights conferred through the hospital's employee handbook. The plaintiff seeks compensatory damages from both defendants, as well as punitive damages from defendant Blan.

## FACTS

The plaintiff was employed as a secretary in the business office of Magnolia Hospital for eighteen years. She had been given the title of "Accounts Receivable Processing Specialist" so as to justify paying her a higher salary commensurate with her degree of skill. Plaintiff was the only employee in the business office who knew how to perform every position in the office.

In January of 1994 the hospital found it necessary to eliminate 71 positions (51 full-time, 20 part-time) because of financial difficulties. The position of "Accounts Receivable Processing Specialist" was chosen for elimination, and since the plaintiff was the only person in this position, she was terminated.

On Friday, January 21, 1994, the hospital administrator, Gary Blan, met with all of the employees in groups to explain the pending reduction in force. At this time, the employees were given the opportunity to ask questions regarding the lay-off. On Monday, January 24, 1994, the head of the business office, Jerry Knighton, and the vice-president of finance, Benny Brewster, met with the plaintiff to tell her that her position had been eliminated, at which time the plaintiff again had the opportunity to discuss her termination. The plaintiff admits that at neither of these meetings did she contest her termination or comment on the reduction in force. There is no evidence before the court that the plaintiff attempted at any other time to address her concerns with the hospital administration.

After plaintiff's termination, she applied for a position with the hospital as business officer supervisor, for which plaintiff was not hired. The plaintiff alleges that three other positions within the business office have been filled since her termination as well as a position of "greeter" at the front door; however the plaintiff does not allege that she applied for any of these positions.

The plaintiff further claims that Blan told his secretary, Mickey Davis, that she was not to be friends or associate with the plaintiff anymore, as it could cost Davis her job. Both Blan and Davis deny such a statement.

## LAW

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the nonmovant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. That burden is not discharged by "mere allegations or denials." Rule 56(e). All legitimate factual inferences must be made in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the nonmovant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

### A. Fourteenth Amendment Due Process Claim

The plaintiff claims that the written personnel policies enumerated in the employee handbook and the permanent reduction in workforce guidelines give rise to a property interest in employment for which the plaintiff is entitled to a due process hearing. The aforementioned policies provided that when permanent lay-offs were necessary, the hospital would use the seniority system in determining which employees would be eliminated. Furthermore, while the hospital administrator would select the positions for elimination, the department heads would have some input as to which people within each position would be eliminated. Although plaintiff was the only person in her position of "Accounts Receivable Processing Specialist", she argues that for purposes of the reduction in force, she should have been counted in the secretarial category so as to recognize her eighteen years of seniority.

Mississippi follows the rule that, in the absence of a contract for a specified term of employment, all employees are deemed to be at-will, and as such have no right to a due process hearing upon termination. *Solomon v. Walgreen Co.,* 975 F.2d 1086, 1089 (5th Cir.1992); *Kelly v. Mississippi Valley Gas Co.,* 397 So.2d 874, 874–74 (Miss.1981). Before a right to a due process hearing arises, the employee must have a property interest in employment. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Under certain circumstances, an employee handbook can create such a property interest. *See Bobbitt v. The Orchard, Ltd.,* 603 So.2d 356 (Miss.1992). However, assuming *arguendo* that the plaintiff had a property interest in employment, a due process hearing is not required when the termination is the result of a bona fide reduction in force. It is clear to the court that the termination of 71 employees is a bona fide reduction.

The purpose of a due process hearing is to grant the employee an opportunity to rebut the charges against him for which he is being terminated. A thorough review of the case law reveals that nearly every case that addresses the rights of an employee to a due process hearing involves termination for cause. *See Kennedy v. City of St. Louis,* 749 S.W.2d 427, 436 (Mo.Ct.App.1988) (decisions requiring procedural due process deal with dismissals due to conduct of employee and with termination for cause). The reasoning behind the necessity of a hearing is that termination for cause carries with it a stig-

matization which might impair a person's ability to secure future employment. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 543, 105 S.Ct. 1487, 1493–94, 84 L.Ed.2d 494, 504 (1985). However, reduction in force cases are clearly distinguishable from termination for cause. Dismissal because of a company-wide layoff carries with it no stigmatization which would impair a dismissed employee's future job prospects. *West v. Grand County,* 967 F.2d 362, 367 (10th Cir.1992). Furthermore, in a reduction in force case, job performance is generally irrelevant. *Id.* at 367. A due process hearing provides an employee with the opportunity to address the allegations against him, but with a reduction in force, there are no allegations to confront. Meaningful due process hearings would often be impractical due to the large number of employees being laid-off. *Id.* In the present case Magnolia Hospital eliminated seventy-one positions, all of which were due to a reduction in force. To require the hospital to have a separate hearing for each and every employee just to allow the employee to address the financial problems of the hospital (the "cause" for the termination) would be useless and unmanageable. The court must balance the interest of the individual in retaining employment against the interest of the employer in the avoidance of administrative burdens. *Cleveland Bd. of Educ.,* 470 U.S. at 542–43, 105 S.Ct. at 1493–94, 84 L.Ed.2d at 504. In the present case the employee has little interest in a due process hearing, as there were no stigmatizing allegations of wrongdoing or misbehavior, no assertions of poor performance, and no personal complaints against the employee. However the employer had a legitimate interest in the financial affairs of the hospital, and in executing an orderly and efficient reduction in force.

In *Dwyer v. Regan,* 793 F.2d 457 (2nd Cir.1986), *modifying* 777 F.2d 825 (2nd Cir. 1986), the plaintiff was terminated from his position as the Chief Mortgage Investment Examiner for the Retirement System after eighteen years on the job. The defendant, who was the comptroller of the state of New York and the head of the Retirement System, eliminated the plaintiff's position due to a financial crisis. The plaintiff complained

that the alleged crisis was a sham and that he was specifically targeted for termination because of the defendant's personal dislike for him. The Second Circuit Court of Appeals recognized that a state may decide to make its operation more efficient by abolishing or consolidating positions, or by effectuating a substantial reduction in force. *Id.* 793 F.2d at 457. The court was not persuaded that a state must routinely provide hearings for employees whose positions are eliminated because of efficiency measures. *Id.*

Similarly, in *Mayfield v. Kelly,* 801 F.Supp. 795 (D.D.C.1992), the plaintiffs were employees of the District of Columbia who were terminated by defendant Kelly, the mayor of D.C., in an effort to respond to the city's fiscal crisis. The plaintiffs were part of a group of over 100 employees, mostly mid-level management, whose jobs were eliminated due to financial considerations. The plaintiffs complained that their terminations without appropriate hearings violated their rights to due process. Applying the rationale set forth in *Cleveland Board of Education v. Loudermill,* the court found that the plaintiffs did have a property interest in their employment. *Id.* at 798. However, the court determined that the plaintiffs were not entitled to the same protection as those in *Loudermill,* because employees eliminated as a result of a reduction in force do not enjoy the same due process protection as those terminated for cause. *Id.* The court balanced the competing interests laid out in *Loudermill,* but held that the interests weigh differently in a reduction in force than in a termination for cause. *Id.* Although a reduction in force creates a hardship for the affected employees, it does not create a stigma that may influence future employment opportunities, as does a termination for cause. *Id.* The court further recognized that a reduction usually involves a large number of employees, making it impossible to have pre-termination hearings. *Id.*

In *Graham v. Triway Board of Education,* 82 Ohio App.3d 34, 610 N.E.2d 1185 (1992), the plaintiff was employed by the defendant as the school district's only full-time bus mechanic. When the board determined that the position was no longer neces-

sary or economically practical due to changes in the district's bus fleet, the board abolished the position. The plaintiff filed suit for deprivation of a property interest without due process of law. The court recognized that the Fourteenth Amendment provides due process protection to a person possessing a property interest in employment and who is terminated for cause. *Id.* 610 N.E.2d at 1188. However, the court found that "[w]here such an employee's position has been abolished ... different considerations apply." *Id.* Due process does not require a pre-termination hearing when an employee's position is abolished out of economic necessity, because neither job performance nor employee conduct is relevant, and the risk of stigma is absent. *Id.* The court suggested that an employee's challenge to an elimination of his position is more appropriately addressed in a post-abolishment proceeding in court. *Id.*

Several other cases have addressed the issue of whether or not a due process hearing is necessary for employees terminated because of an economically based reduction in force. In *Duffy v. Sarault,* 892 F.2d 139 (1st Cir.1989), the First Circuit Court of Appeals recognized the existence of a "reorganization exception" to the general rule that a property interest in continued employment gives rise to a right to a due process hearing upon termination. The court held that "[w]here a reorganization or other cost-cutting measure results in dismissal of an employee no hearing is due." *Id.* at 147. Likewise, in *Hartman v. City of Providence,* 636 F.Supp. 1395 (D.R.I.1986), the court acknowledged that "[n]umerous federal and state courts have recognized that an employee who loses his or her job ... is not entitled to a hearing ... when the position is abolished pursuant to a bona fide government reorganization or kindred cost-cutting measure." *Id.* at 1410. The opportunity to be heard in a reduction in force situation would be meaningless since there are no charges to which to respond. *Id.* at 1411. In *Smith v. Sorensen,* 748 F.2d 427 (8th Cir.1984), *cert. denied* 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 480 (1985), the Eighth Circuit Court of Appeals, after balancing the competing interests, found that to require a hearing for each affected employee

prior to the implementation of a substantial reduction in force would be impractical. *Id.* at 435. The court held that such a standard would create an impermissible burden on governmental decision-making. *Id.* Similarly, the Georgia Supreme Court has held that the Georgia Constitution does not require that an employee be given a hearing on every decision made by an employer which may affect his employment. *Brown v. State Merit Sys. of Personnel Admin.,* 245 Ga. 239, 264 S.E.2d 186, 190 (1980). "Such a burden would create an unworkable system within state government." *Id.* 264 S.E.2d at 190. *See also Praprotnik v. City of St. Louis,* 798 F.2d 1168, 1177 (8th Cir.1986), *rev'd on other grounds,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) ("[i]n the ordinary, budgetary lay-off situation ... individual pre-lay-off hearings are not necessary given the impracticality of imposing such a requirement"); *Digiacinto v. Harford County,* 818 F.Supp. 903, 905–06 (D.Md.1993) (the law is well established—no hearing is necessary when position abolished due to reorganization; if employee loses job not because of performance but because of fiscal concerns, hearing would serve no useful purpose); *Kennedy,* 749 S.W.2d at 436 (those decisions which deal with the denial of continued employment due to financial exigencies recognize that procedural due process is not required); *California Sch. Employees Ass'n v. Pasadena Unified Sch. Dist.,* 71 Cal.App.3d 318, 139 Cal.Rptr. 633, 635 (1977) (due process does not demand individual hearing when layoff not due to disciplinary reason; any hearing would be based upon financial condition of school district rather than on circumstances unique to individual employee).

 A review of the aforementioned cases dealing with the reorganization exception to the due process requirement reveals that a few of the cases, such as *Dwyer v. Regan,* recognize that the exception can be avoided by a showing that the reduction in force was merely a pretext for a personal agenda to terminate a particular employee. However, those cases all involve situations in which either one position or very few positions were eliminated, and all of the termi-

nated employees were the focus of a pretextual elimination. In a case such as the one presently before this court, where the aggrieved employee is but one of many affected by a large-scale reduction in force, the reorganization exception would still apply.

Furthermore, as suggested in *Perry v. Sindermann* and its progeny, the plaintiff bears responsibility for requesting a due process hearing. *See Perry v. Sindermann,* 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570, 581 (1972) (proof of property interest would obligate employer to "grant a hearing at his (plaintiff/employee's) request"); *Dwyer,* 793 F.2d at 457 (when pre-termination hearing is required, it need be provided only if requested); *See also Robinson v. Houston–Galveston Area Council,* 566 F.Supp. 370, 379 (S.D.Tex.1983) (due to finding of court that plaintiffs had property interest, employer is obligated to grant hearing at their request); *Kaiser v. Dixon,* 127 Ill. App.3d 251, 82 Ill.Dec. 275, 468 N.E.2d 822, 834 (1984) (individual with protected interest in employment is entitled to hearing at his request). Certainly the plaintiff should not be permitted to sit on her hands and then complain to the court that she was not given an express opportunity to question her discharge. In cases involving a liberty interest, the case law clearly requires an employee to request a due process hearing. *Rosenstein v. City of Dallas,* 876 F.2d 392, 395–96 (5th Cir.1989) (to succeed on claim for deprivation of liberty interest due to lack of hearing, employee must prove that he requested hearing and that request was denied); *See Arrington v. County of Dallas,* 970 F.2d 1441, 1447 (5th Cir.1992); *Howze v. City of Austin,* 917 F.2d 208, 208–09 (5th Cir.1990). In light of the Supreme Court's language in *Perry,* the court sees no reason why an employee with a property interest claim should not be held to the same standard.

Even assuming arguendo that the plaintiff was entitled to a due process hearing, she had at least two opportunities to address the reduction in force. The plaintiff participated in a group meeting with defendant Blan on January 21, 1994, and then had a private meeting with the vice-president of finance and her department head on January 24, 1994. In the initial meeting, the plaintiff was notified of the impending reduction in force, and was given the opportunity to respond to the reduction in general. Although several other employees took this opportunity to ask questions about the reduction, the plaintiff remained silent. At the second meeting, the plaintiff was notified that she was one of the employees being eliminated, and she was given the opportunity to respond directly to her termination. The mere fact that the plaintiff chose not to respond because she felt that the termination was a "done deal" as she testified in her deposition does not justify the plaintiff's failure to request a hearing. The plaintiff has presented no evidence that she ever attempted to oppose her termination other than with the filing of this lawsuit. The court will not allow an employee to bring a complaint for lack of an opportunity to be heard when she has made no effort whatsoever to contest her discharge. This ruling pertains only to the due process claim and in no way inhibits the plaintiff's ability to bring a state law claim for wrongful discharge.

### B. First Amendment Right to Freedom of Association

The plaintiff alleges that Blan told his secretary, Mickey Davis, to discontinue Davis' association with the plaintiff or risk losing her job. The plaintiff claims that such action violates her First Amendment right to freedom of association. However, both Blan and Davis deny that Blan made any such statement to Davis. Neither the plaintiff nor anyone else heard Blan tell Davis not to associate with the plaintiff. The plaintiff alleges that Davis relayed to her what Blan had said, but the plaintiff has no first-hand knowledge of the alleged conversation between Blan and Davis. The plaintiff's "evidence" in this regard is clearly hearsay to which none of the exceptions apply. The alleged conversation is not admissible as an admission of a party opponent, as plaintiff asserts, because Davis is not a hospital spokesperson and is not making a statement concerning a matter within the scope of her employment. *See* F.R.E. 801(d)(2). Neither is the court convinced by plaintiff's argument

that this statement warrants admission as an exception to hearsay under F.R.E. 803(24).

▬ Furthermore, even if this alleged conversation was somehow admissible, the plaintiff has no standing to bring a First Amendment claim based upon the alleged statement of Blan. Neither Blan nor the hospital told the *plaintiff* to forego association with someone else or risk losing her job. If the plaintiff had been so ordered, then she might well have had a First Amendment claim, but the plaintiff has no First Amendment right to expect that a third party will associate with her.

### C. First Amendment Claim Arising Out of Retaliation

▬ The plaintiff in her amended complaint claims that the hospital has refused to rehire her in retaliation for her filing this action. However, the plaintiff has not made any specific allegations as to the jobs she applied for, when she applied for them, the qualifications of the other applicants, etc. The plaintiff makes only vague allegations that positions were filled after she left, for which she believes she should have been hired. Mere allegations are insufficient to defeat a motion for summary judgment. Fed.R.Civ.P. 56(e).

▬ Furthermore, the plaintiff has failed to produce sufficient evidence to pass the "but for" test of causation. In order to present a case of retaliation, the plaintiff must show that she engaged in a protected activity, that an adverse employment action occurred, and that a causal connection existed between the two. *McMillan v. Rust College,* 710 F.2d 1112, 1116 (5th Cir.1983). This causal connection follows the "but for" test so that the plaintiff must show that the adverse employment action would not have occurred "but for" the plaintiff's participation in the protected activity. *Jones v. Flagship Int'l,* 793 F.2d 714, 725 (5th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987); *Jack v. Texaco Research Ctr.,* 743 F.2d 1129, 1131 (5th Cir. 1984); *McMillan,* 710 F.2d at 1116. The only position for which the plaintiff applied was the position of business office supervisor. This position was filled by a transfer within

the hospital before the plaintiff filed her original complaint. The plaintiff has produced no evidence from which the court could find a causal connection, much less a causal relationship sufficient to pass the "but for" test.

### D. Pendent State Law Claims

▬ Any claims the plaintiff has that arise out of the provisions of the employee handbook are state law claims rather than Constitutional claims, and therefore are not properly before this court in the absence of any viable federal claim. The district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C.A. § 1367(c)(3) (West 1993). For this reason, the court finds that the plaintiff's claim for wrongful termination based upon the defendants' alleged failure to follow the provisions of the employee handbook should be dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, the court finds that the defendants' motion for summary judgment should be granted as to the plaintiff's claims for violation of her rights under the First and Fourteenth Amendments and that the plaintiff's claim for wrongful termination arising under state law should be dismissed without prejudice.

An order will issue accordingly.

### *ORDER*

In accordance with the memorandum opinion this day issued, it is ORDERED:

That the defendants' motion for summary judgment is GRANTED;

That the plaintiff's state law claims are DISMISSED without prejudice;

That all remaining claims are DISMISSED with prejudice.