OPINION
Plaintiff-appellant Gloria Kreis appeals the June 19, 1998 Decision and Entry of the Perry County Court of Common Pleas, granting summary judgment in favor of defendant-appellee Crooksville Exempted Village School District Board of Education (hereinafter "the Board"), and overruling appellant's cross-motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE
On April 24, 1996, appellant entered into a three year Teacher Limited Contract with the Board, which commenced with the 1996-97 school year, and concluded with the 1998-99 year. Appellant was certified to teach home economics. During the 1996-97 school year, appellant was one of two teachers who taught home economics at Crooksville High School. Prior to April 28, 1997, the Superintendent of the Crooksville Exempted Village Schools, Timm Mackley, recommended to the Board the approval of a resolution. The Board accepted Mackley's recommendation and approved the resolution at a meeting on April 28, 1997. The resolution reduced the home economics curriculum at the high school level, effective with the end of 1996-97 school year. Because the resolution resulted in the need for only one home economics teacher, the Board also resolved to relieve appellant of her teaching duties. By letter dated April 28, 1997, the District Treasurer informed appellant of the Board's decision to reduce the high school home economics curriculum; therefore, her services would no longer be required. On July 16, 1997, appellant filed a Complaint for Writ of Mandamus, praying the trial court issue a writ requiring the Board to adhere to the Teacher Limited Contract and reinstate appellant to her position immediately. The Board filed a Motion for Summary Judgment on September 29, 1997. Appellant requested additional time in which to conduct discovery pursuant to Civ.R. 56(F). After the parties stipulated to an extension of time for the Board to respond to discovery, the trial court established a briefing schedule via Judgment Entry dated March 23, 1998. Pursuant to the briefing schedule, appellant timely filed a memorandum in opposition to the Board's motion for summary judgment as well as a cross-motion for summary judgment. Via Decision and Entry dated June 19, 1998, the trial court granted the Board's motion for summary judgment and overruled appellant's cross-motion, finding the Ohio Supreme Court's decision in Cutler v. Pike County Joint Area Vocational Sch. Dist. (1983), 6 Ohio St.3d 138, to be binding upon the matter. It is from this judgment entry appellant appeals, raising the following assignments of error:
I. THE TRIAL COURT ERRONEOUSLY APPLIED THE HOLDING IN CUTLER V. PIKE COUNTY AREA VOCATIONAL SCHOOL DISTRICT (1983), 6 OHIO ST.3D 138 AND FURTHER ERRED IN FINDING THAT APPELLANT WAS NOT ENTITLED TO A DUE PROCESS HEARING PRIOR TO THE TERMINATION OF HER EMPLOYMENT.
II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL OF [SIC] FACT CLEARLY REMAINED ON WHETHER THE HOME ECONOMICS COURSE PLAINTIFF TAUGHT WAS ELIMINATED AS DEFENDANT MAINTAINED.
III. THE TRIAL COURT ERRED WHEN IT FOUND AS A MATTER OF LAW THAT SECTION 7.02(C) OF THE COLLECTIVE BARGAINING AGREEMENT WAS INAPPLICABLE TO THIS CASE.
 I
In her first assignment of error, appellant maintains the trial court erred in applying the holding in Cutler v. Pike County Joint Area Vocational Sch. Dist., supra. Additionally, appellant contends the trial court erred in finding she was not entitled to a due process hearing prior to the termination of her employment. As such, appellant submits the trial court erroneously granted the Board's motion for summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. In Cutler, supra, the Ohio Supreme Court addressed the question of whether a school district is under a mandatory duty to restore or continue employment of teachers, who have continuing contracts when the subject in which the teachers are certified to teach is no longer offered by the district. Id. at 139. The two teachers in Cutler filed a mandamus action to require the school district to tender teaching positions to them and to restore their positions. Id. at 138. Both teachers were employed under continuing teaching contracts, and both were certified to teach a course in electronics. Id. Prior to the conclusion of the 1979-1980 academic year, the school district eliminated the electronics course and replaced it with a course in electricity, which the teachers were not certified to teach. Id. The superintendent of the school district notified the teachers by letter their services would no longer be required due to the elimination of the course in which they were certified. Id. The teachers argued their continuing contracts provided them with a vested interest in the continuance of an electronics course; therefore, their terminations were subject to the provisions of R.C. 3319.16 and 3319.17. Id. at 139. Rejecting the teachers' argument, the Cutler Court noted, "it is the teaching of electronics to which appellants' certifications and continuing contracts attach, and to which they have a vested interest." Id. The Supreme Court concluded the evidence presented did not support a mandamus action because the teachers failed to show the required right to be restored to their teaching positions as well as the corresponding mandatory duty of the school district to provide teaching employment for which the teachers did not have certification. Id. at 139-140. In her Brief to this Court, appellant argues Cutler, supra is inapposite to the instant action for two reasons. First, appellant asserts the facts in the case sub judice are not analogous to the facts in Cutler, supra. Additionally, appellant contends Section 7.02(C) of the Collective Bargaining Agreement controls the instant matter. We shall address each assertion in turn. With respect to the first prong of her argument, appellant maintains a genuine issue of material fact exists as to whether the Board eliminated the subject (home economics) in which she holds her certification to teach. Appellant argues "the Supreme Court's ruling in Cutler is limited to those situation in which a course or curriculum has been abolished by the school district." Brief of Plaintiff-Appellant at 7. Appellant continues, "The facts presented in the appeal before this Court, however, illustrate that this case does not involve the abolishment of the home economics curriculum but merely a reassignment of [appellant's] duties to a teacher with a certification other than in home economics." Id. We disagree. In support of her position, appellant refers to her affidavit attached to her memorandum in opposition and cross-motion for summary judgment in which she avers approximately 75% of her home economics curriculum has been reassigned to other teachers, including "her replacement," Christine Haidet. Appellant asserts Haidet corroborated these facts during her deposition. Haidet, who was hired as an additional math teacher in 1997, testified she taught matters related to credit cards, insurance, the determination of gross and net pay, and the financing of cars and homes, which she grouped under the title "Life Skills Math." Appellant argues these "life skills" represent the types of material she taught. We agree with the trial court, "Differently certified subjects will often overlap in their content." June 19, 1998 Decision and Entry at 2. Appellant cannot rely upon the fact subjects often have some degree of overlap to support her assertion her curriculum was not eliminated. Despite different reasons for doing so, the Board herein, like the school district in Cutler, determined appellant's curriculum should be replaced with different curriculum. Although the entire subject area of home economics was not eliminated due to the unit requirement of such course of study by the Ohio State Board of Education, we find the rationale in Cutler applies to the instant action. The Board has the statutory duty and authority to prescribe an appropriate school curriculum. R.C. 3313.60(A). Beyond the minimum standards required by the Ohio State Board of Education, the Board is not required to maintain a curriculum simply because the subject area was taught during previous academic years. This is especially true when the Board offers a sufficient number of courses in the elective subject area, when students need to improve proficiency test scores in core subject areas in which additional teachers are needed, and when the Ohio General Assembly has increased the number of core unit requirements for high school graduation. Appellant does not have a vested interest in the Board's continuing her curriculum. Accordingly, we find appellant has failed to show the required right to be restored to her teaching position or the corresponding mandatory duty of the Board to provide her with teaching employment, both of which are necessary to support a mandamus action. See, Cutler, supra at 139-140. As such, we further find the trial court did not err in granting summary judgment in favor of the Board on this issue. Turning to the second prong of appellant's argument, we find Section 7.02(C) of the Collective Bargaining Agreement is inapplicable to the instant action. Section 7.02 addresses tenure, nonrenewal, and termination of teacher contracts. Subsection (C) specifically provides, "The termination of a unit member's continuing or limited contract will be governed exclusively by the provisions of Sections 3319.16 and 3319.161 of the ORC." Collective Bargaining Agreement at 12. R.C. 3319.16 provides, in pertinent part: The contract of any teacher employed by the Board of education of any city, exempted village, local, county, or joint vocational school district may not be terminated except for gross inefficiency or immorality; for willful and persistent violations of reasonable regulations of the Board of education; or for other good and just cause.
The Board's decision to terminate appellant's contract was not based upon one of the explicit reasons for termination for cause under to R.C. 3319.16. Therefore, we must determine whether the termination was "for other good and just cause." In construing the phrase, "other good and just cause," we note this language is used in conjunction with "gross inefficiency or immorality" and "willful and persistent violations" of Board regulations. In our opinion, the sentence structure and content indicate a legislative intent the "other good and just cause" language relates to a teacher's conduct. "The conduct complained of must be hostile to the school community and cannot be some private act which has no impact on the teacher's professional duties." Florian v. Highland Local Bd. of Edn. (1983), 24 Ohio App.3d 41, para. 1 of syllabus. The Board has made no allegation appellant's termination was the result of conduct "hostile to the school community." Because R.C.3319.16 and R.C. 3319.161 deal exclusively with termination resulting from unprofessional conduct, we find the trial court did not err in finding appellant was not entitled to due process procedures. Accordingly, we find the trial court did not err in granting summary judgment in favor of the Board on this issue. Appellant's first assignment of error is overruled.
We hasten to note "[w]hatever contractual rights to compensation [appellant] may have with respect to [her three year Teacher Limited Contract] may be the subject of appropriate civil action involving the application of relevant contract law principles." Cutler, supra at 140.
 II III
In light of our disposition of appellant's first assignment of error, we find appellant's second and third assignments of error to be moot. The judgment entry of the Perry County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur.