11-331-cv (L), 11-1394-cv (Con)
Tessler v. Patterson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
        PETER W. HALL,
        GERARD E. LYNCH,
        DENNY CHIN,
                *Circuit Judges.*

---------------------------------------------------------------

Akiva Tessler,

     *Plaintiff-Appellant*,

           v.                             11-331-cv (L), 11-1394-cv (Con)

David A. Paterson, as Governor of the State of New York, *et al.*,

     *Defendants-Appellees*.

---------------------------------------------------------------

FOR APPELLANT:      AKIVA TESSLER, *pro se*, Staten Island, NY.

FOR APPELLEES:      SUDARSANA SRINIVASAN, Assistant Solicitor General, of Counsel; Michael S. Belohlavek, Senior Counsel; Barbara D. Underwood, Solicitor General; *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**. Tessler's separate appeal from the court's order denying his request for a preliminary injunction is **DISMISSED** as moot.

Appellant Akiva Tessler, a former administrative law judge ("ALJ") proceeding *pro se*, appeals from the district court's judgment granting the defendants' motion to dismiss his complaint raising claims under 42 U.S.C. § 1983 and state law, and separately appeals from an order denying his motion for a preliminary injunction, through which he sought to enjoin the defendants from eliminating his permanent position as an ALJ for the New York State Division of Alcoholic Beverage Control ("DABC") during the pendency of this action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6), we review a district court's factual findings for clear error and its legal conclusions *de novo*, construing the complaint liberally, accepting all factual allegations therein as true, and drawing all reasonable inferences in plaintiff's favor. *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (Rule 12(b)(1)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). In reviewing a motion to dismiss under Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Where a document is not incorporated by reference, the court may

nevertheless consider it where the complaint "relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (internal quotation marks omitted).

## I.       First Amendment Retaliation Claim

We affirm the district court's dismissal of Tessler's First Amendment retaliation claim for substantially the reasons stated by the district court in its decision, which relied primarily on the Supreme Court's decision in *Garcetti v. Ceballos*, 547 U.S. 410 (2006). This case does not require us to determine whether an employee engages in protected speech under the First Amendment when he refuses a supervisor's directive to engage in a blatantly wrongful act, as the DABC's alleged direction to Tessler to admit evidence in disciplinary proceedings without regard to its evidentiary foundation was not blatantly wrongful.

## II.      Substantive Due Process Claim

We affirm the district court's dismissal of Tessler's substantive due process claim for substantially the reasons stated by the district court in its decision. Tessler's only challenge to this dismissal is his conclusory assertion that the defendants' conduct was "so egregious and outrageous in depriving [him] of the constitutionally protected property interest in his employment that it may fairly be said to shock the contemporary conscience." Appellant Br. at 18. However, "[i]t is well settled that, where the alleged right cannot be considered so rooted in the traditions and conscience of our people as to be ranked as fundamental, notions of substantive due process will not apply." *Local 342, Long Island Pub. Serv. Emps., UMD, ILA, AFL-CIO v. Town Bd. of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) (internal quotation marks and alteration omitted). We have held that "simple, state-law contractual rights, without more," are not worthy of substantive due process protection. *See id.* Moreover, even assuming, *arguendo*, that Tessler's right to continued public employment could be considered fundamental

3

under the Due Process Clause, the defendants' alleged conduct in depriving him of that right was not "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *See Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003) (internal quotation marks omitted). As noted above, in allegedly giving the directive at issue, the DABC was acting pursuant to a reasonable interpretation of the applicable regulations.

## III.    Procedural Due Process Claim

In *Dwyer v. Regan*, we addressed a procedural due process claim similar to Tessler's claim here. *See* 777 F.2d 825, 829-35 (2d Cir. 1985), *modified on reh'g*, 793 F.2d 457 (1986). On the issue of whether the abolition of plaintiff's tenured position required some form of preremoval hearing, we held that a state was not required to "routinely provide hearings for employees whose positions are targeted for elimination whenever the state adopts . . . efficiency measures" such as the implementation of a substantial reduction in its work force. *Dwyer*, 777 F.2d at 833. Rather, under these circumstances the state was required to "grant the employee some kind of hearing prior to the termination of his employment" *only* if the employee, via a request for a pretermination hearing, "protests the notice of elimination of his position and contends that it is but a sham and pretext for the deprivation of his property right." *See id.*; *see also id.* at 834 ("[A]n employee's right to a pretermination hearing into his claim of sham arises only upon request."). Here, Tessler conceded that he did not pursue a pretermination hearing through the grievance procedures outlined in the collective bargaining agreement between his union and the State (the "CBA"), and there is no indication in his complaint that he requested such a hearing informally. As a result, the court was correct in concluding that a post-

deprivation Article 78 proceeding provided Tessler with sufficient due process protections under the circumstances. *See id.* at 834 (holding that if the employee "did not timely demand a pretermination hearing, he [was] nevertheless entitled to a posttermination hearing on his contention that he was impermissibly deprived of his property right"); *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) ("An Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes.").

## IV.     State Law Claims

Tessler has abandoned any challenge to the dismissal of his state law claims by failing to raise such a challenge on appeal. *See Hobbs v. Cnty. of Westchester*, 397 F.3d 133, 147 (2d Cir. 2005) (issues not raised on appeal are deemed abandoned).

We have considered Tessler's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**. Having affirmed the district court's judgment, Tessler's separate appeal from the order denying his request for a preliminary injunction is hereby **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5