(July 29, 1985)

◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE SASSOWER, on Behalf of SAM POLUR, Petitioner, v JOHN CUNNINGHAM, as Warden, Respondent.—Application by petitioner Polur for a writ of habeas corpus pursuant to CPLR 7002 (b) (2), dismissed, without costs.

Petitioner seeks a writ of habeas corpus with respect to a 30-day sentence imposed in an adjudication, which found him in contempt (order, Alvin Klein, J., entered July 1, 1985). It unquestionably appears from the papers submitted that there have been flagrant violations of the injunction contained in the prior order of Justice Gammerman, entered January 26, 1985. While counsel for petitioner has argued that the order of Justice Gammerman was improper and, therefore, void, no

appeal from that order was ever taken and, as far as appears, it is a valid order, binding upon the petitioner. Having failed to appeal, petitioner may not disregard the order with impunity nor may he use the contempt citation to revive any right to appeal or otherwise challenge the underlying order, which right terminated as a result of his failure to appeal therefrom.

Moreover, it appears, without dispute, that petitioner had previously sought a writ of habeas corpus before Justice Sandifer, pursuant to CPLR 7002 (b) (1) and (3), which application was dismissed by order entered July 17, 1985. The dismissal was directed "as a matter of law", after a hearing on the merits, which afforded him an opportunity to adduce relevant proof bearing upon the claimed illegality of his detention. An appeal has been taken, both from the original contempt order of Justice Klein and from the order of Justice Sandifer which dismissed the petition for a writ of habeas corpus. Since the petition fails to present any new ground, not previously presented on the prior petition for a writ before Justice Sandifer, this is a "successive" petition for a writ under CPLR 7003 (b). The only argument not made previously before Justice Sandifer is the claim that the arrest was improper since no warrant had been issued. However, petitioner's reliance upon Judiciary Law former § 757 lacks merit since the statute was repealed by the Legislature in 1977 (L 1977, ch 437, § 1). Furthermore, there was a legal mandate for commitment, which was contained as a provision in the contempt order.

Clearly, petitioner has an available remedy via his appeal from the original contempt order and the order dismissing the writ of habeas corpus, which appeals he has taken. Successive applications for writs of habeas corpus before different Justices or courts on identical grounds may not be entertained. The papers submitted do not demonstrate any basis to conclude that the detention is illegal nor does the petitioner deny the actions taken were in violation of the order of Justice Gammerman, which formed the basis for the subsequent finding of contempt. Similarly, there is no showing to conclude that there is any merit to the appeal from the order dismissing the petition, which would be relevant had petitioner sought a stay pending appeal, which he has not.

Inasmuch as it appears that an appeal has been taken from the order dismissing the petition for a writ of habeas corpus, that appeal shall be perfected for the September 1985 Term, to be heard with the pending appeal from the order adjudging

petitioner in contempt. Concur—Sullivan, J. P., Ross, Milonas, Kassal and Rosenberger, JJ.