**Sam POLUR, Plaintiff–Appellant,**

**v.**

**Hyman RAFFE, Ira Postel, A.R. Fuels, Inc., Feltman, Karesh, Major & Farbman, Esqs., Donald F. Schneider, Esq., Alvin F. Klein, Justice of the Supreme Court, State of New York, County of New York, David H. Edwards, Jr., Justice of the Supreme Court, State of New York, County of New York, Donald F. Diamond, Special Referee of the Supreme Court, State of New York, County of New York, Defendants–Appellees.**

No. 1048, Docket 89–9003.

United States Court of Appeals, Second Circuit.

Argued May 29, 1990.

Decided Aug. 22, 1990.

Sam Polur, New York City, for plaintiff-appellant.

Howard M. Bergson, Hauppauge, N.Y. (Bergson & Samuels, Hauppauge, N.Y., of counsel), for defendants-appellees Hyman Raffe and A.R. Fuels, Inc.

Edward Weissman, New York City (Donald F. Schneider, Feltman, Karesh, Major & Farbman, New York City, of counsel), for defendants-appellees Donald F. Schneider and Feltman, Karesh, Major & Farbman.

Before LUMBARD, KEARSE and MINER, Circuit Judges.

MINER, Circuit Judge:

Plaintiff-appellant Sam Polur appeals from a judgment entered on July 24, 1989, in the United States District Court for the Southern District of New York (Stanton, *J.*) dismissing his complaint in part on res judicata and collateral estoppel grounds and in part for failure to state a claim upon which relief may be granted. In the complaint, Polur alleged that defendants-appellees conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1983 (1982) and engaged in a pattern of racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 (1988), by wrongfully obtaining and enforcing a state criminal contempt order and sanctions judgment against him. Polur also appeals from that portion of the judgment enjoining him from filing in the federal courts, against certain of the defendants, further suits arising out of any matter relating to the instant litigation. *See Polur v. Raffe*, 727 F.Supp. 810 (S.D.N.Y.1989).

On appeal, Polur contends that the district court erred in dismissing the complaint. He also contends that the injunction is improper. We affirm the dismissal of the complaint substantially for the reasons adopted by Judge Stanton; however, we modify the injunction as provided herein.

## BACKGROUND

This appeal represents another, and hopefully final, chapter of the tortured litigation surrounding the dissolution of Puccini Clothes, Ltd. ("Puccini"). In 1980, the estate of a Puccini shareholder petitioned the New York State Supreme Court for dissolution of the company. Defendant-appellee Hyman Raffe, another Puccini shareholder, moved to have himself appointed as the receiver of the company. The court denied Raffe's motion and disqualified his attorney, George Sassower, from representing Raffe due to a conflict of interest that Sassower had with other Puccini

shareholders. Sassower ignored the court order and commenced a barrage of lawsuits against the court-appointed receiver, Lee Feltman, and his law firm, defendant-appellee Feltman, Karesh, Major & Farbman ("FKMF"). In 1985, Justice Gammerman of the New York State Supreme Court enjoined Sassower, Raffe, and those acting in cooperation with them, from filing "in any court, tribunal, agency or other forum of [New York] State" any lawsuit against FKMF and its attorneys relating to the Puccini dissolution and receivership. *In re Barr*, No. 1816/80 (N.Y.Sup.Ct. Jan. 23, 1985) ("Gammerman injunction").

Polur, who was substituted as Raffe's counsel of record, filled Sassower's shoes by commencing actions in state and federal court against FKMF and defendant-appellee Lee Schneider, an attorney with FKMF. In conjunction with an action pending in New York State Supreme Court, FKMF and Schneider filed a motion seeking to hold Polur in contempt for violating the Gammerman injunction. Polur was found in contempt by defendant-appellee Justice Klein of the supreme court, sentenced to a term of imprisonment of 30 days and fined $250. The Appellate Division affirmed the order. *Raffe v. Riccobono*, 113 A.D.2d 1038, 493 N.Y.S.2d 70 (1st Dep't) (*Riccobono I*), *appeal dismissed*, 66 N.Y.2d 915, 489 N.E.2d 773, 498 N.Y.S.2d 1027 (1985), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

Polur also sought, and was denied, relief from enforcement of the contempt order in a proceeding under Article 78 of the New York Civil Practice Law and Rules. *Raffe v. Klein*, 113 A.D.2d 1033, 493 N.Y.S.2d 676 (1st Dep't), *appeal dismissed*, 66 N.Y.2d 914, 489 N.E.2d 772, 498 N.Y.S.2d 1026 (1985). Two petitions for a writ of habeas corpus were denied by state courts. *New York ex rel. Polur v. Sheriff of the City of New York*, No. 16595/85 (N.Y. Sup.Ct. July 17, 1985); *New York ex rel. Sassower v. Cunningham*, 112 A.D.2d 119, 492 N.Y.S.2d 608 (1st Dep't) (mem.), *appeal dismissed*, 66 N.Y.2d 914, 489 N.E.2d 772, 498 N.Y.S.2d 1026 (1985). A petition filed in federal court for a writ of habeas corpus

also was denied. *In re Raffe*, No. 85 Civ. 5112 (MJL) (S.D.N.Y. July 29, 1985).

In the meantime, Justice Klein appointed defendant-appellee Donald F. Diamond as special referee to calculate attorney's fees as a sanction against Polur. Diamond assessed the fees in the sum of $12,500. Polur brought an Article 78 proceeding on the ground that the sanctions judgment was invalid, but his application was denied. *Polur v. Diamond*, No. 1816/80 (N.Y. Sup.Ct. Apr. 15, 1986), *application denied*, 120 A.D.2d 992, 502 N.Y.S.2d 315 (1st Dep't 1986).

In August 1986, Polur commenced a state court action against FKMF, Schneider, Justice Klein and others, alleging that they had conspired to convict him of contempt. The action was dismissed by defendant-appellee Justice Edwards, who found the suit barred by the Gammerman injunction. *Polur v. Feltman, Karesh, Major & Farbman*, No. 17481/86 (N.Y.Sup.Ct. Dec. 7, 1987) (*FKMF I*).

On December 9, 1987, Polur filed an action under 42 U.S.C. § 1983 in federal court against the same defendants as in *FKMF I*. The gravamen of the complaint was that the defendants had conspired to deprive him of his civil rights by wrongfully convicting him of contempt and attaching certain bank accounts to satisfy the sanctions judgment. Judge Lowe dismissed the action as barred by collateral estoppel and awarded sanctions against Polur under Federal Rule of Civil Procedure 11. *Polur v. Feltman, Karesh, Major & Farbman*, No. 87 Civ. 8700 (MJL) (S.D.N.Y. June 26, 1989) (*FKMF II*), *aff'd mem.*, 895 F.2d 1411 (2d Cir.1989).

Polur commenced the instant action on April 8, 1988, seeking damages on section 1983 and RICO claims. In claims one through four of the complaint, Polur alleged that the appellees conspired to deprive him of his constitutional rights in violation of section 1983. He asserted in the first claim that FKMF, Schneider and Justice Klein conspired to convict him of criminal contempt. In the third claim, Polur alleged that FKMF, Schneider and Diamond conspired to impose an invalid sanc-

tions judgment against him. Judge Stanton dismissed these claims as barred by res judicata and collateral estoppel. 727 F.Supp. at 815.

Polur's second claim involved allegations that Raffe, Justice Klein and Ira Postel, an attorney who allegedly was retained by Raffe without Polur's knowledge, conspired to convict Polur of criminal contempt in order to interfere with his attorney/client relationship with Raffe. In the fourth claim, Polur averred that FKMF, Schneider and Justice Edwards conspired to deprive him of access to the courts. The district court dismissed the claims against Justices Klein and Edwards on the ground of judicial immunity. After concluding that private persons may not be held liable for an alleged conspiracy with a judge entitled to immunity, Judge Stanton also dismissed the claims against FKMF, Schneider, Postel and Raffe. *Id.* at 816.

The gravamen of the RICO claims was that the defendants engaged in a pattern of racketeering by committing certain predicate acts through the enterprise of the New York State Supreme Court. Judge Stanton dismissed the RICO claims as barred by collateral estoppel. *Id.* at 815. He also enjoined Polur from filing further suits in the federal courts against Schneider and FKMF relating to the dissolution of Puccini, but he denied the other defendants' application for similar relief. *Id.* at 816–17.

## DISCUSSION

Polur raises a welter of contentions challenging the validity of the contempt order and the sanctions judgment. Because we affirm substantially for the reasons that Judge Stanton adopted in dismissing the complaint, we find it unnecessary to address all of Polur's contentions.

### A. Section 1983 Claims

■ The district court dismissed the first claim—the FKMF, Schneider and Justice Klein conspiracy—and the third claim—the FKMF, Schneider and referee Diamond conspiracy—as barred by the principles of res judicata and collateral estoppel. *Id.* at

815. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see Benjamin v. Coughlin,* 905 F.2d 571, 575 (2d Cir.1990). The doctrine of collateral estoppel, or issue preclusion, prevents relitigation of an issue which is identical to one necessarily decided in a prior action and which the parties were afforded a full and fair opportunity to contest in that prior proceeding. *Halyalkar v. Board of Regents,* 72 N.Y.2d 261, 266, 527 N.E.2d 1222, 1224, 532 N.Y.S.2d 85, 87 (1988); *see In re The Am. Tobacco Co.,* 880 F.2d 1520, 1527 (2d Cir.1989). We agree with Judge Stanton that Polur is collaterally estopped from adjudicating the first and third claims, and we therefore do not address appellees' res judicata argument.

■ Here, Polur seeks to relitigate the validity of the contempt order and the state court sanctions. Several state courts have addressed these identical issues and rejected them as meritless. A different judgment here " 'would destroy or impair rights or interests established by' " the prior decisions. *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 501, 467 N.E.2d 487, 490, 478 N.Y.S.2d 823, 826 (1984) (citation omitted). Moreover, Polur has not demonstrated that he was denied a full and fair opportunity to litigate these issues in the prior proceedings. While the district court failed to consider whether the prior judgments "necessarily determined" the same issues as raised here, *see Halyalkar,* 72 N.Y.2d at 266, 527 N.E.2d at 1224, 532 N.Y.S.2d at 87; *Am. Tobacco,* 880 F.2d at 1527, we have no trouble making such a finding since the contempt order and sanctions judgment were the subject of the prior actions and were found to be valid in those proceedings. Accordingly, the district court properly dismissed the first and third claims of Polur's complaint.

■ Polur's second claim alleged a conspiracy among Justice Klein, Raffe and

Postel to interfere with Polur's attorney/client relationship with Raffe. The fourth claim involved an alleged conspiracy among Justice Edwards, Schneider and FKMF to deprive Polur of access to the courts. Because the issues raised in these claims have not been previously adjudicated, preclusion principles are not applicable. Instead, the district court found that Polur failed to state a claim against Justices Klein and Edwards because they were protected by judicial immunity. No action against a judge may be sustained where a plaintiff fails to demonstrate that the judge "acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (citation omitted). The affirmance of the contempt order by the appellate division establishes that Justice Klein did not act without jurisdiction. Polur does not allege that Justice Edwards lacked jurisdiction to dismiss the complaint in *FKMF I.* Thus, the district court did not err in dismissing the claims against Justice Klein and Justice Edwards.

■ In dismissing the second and fourth claims, Judge Stanton concluded that no claim could be sustained against the remaining defendants, because private parties cannot conspire with a judge who is immune from suit. The district court erroneously relied on *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir.1974) (per curiam), which has been overruled by *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). A finding that the claims against a judge are barred by judicial immunity does not require "that the action against the private parties accused of conspiring with the judge must also be dismissed." *Dennis*, 449 U.S. at 27, 101 S.Ct. at 186. Nevertheless, there is a sufficient basis to dismiss the second and fourth claims, and "we are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court," *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

■ Polur alleged in his second claim that Justice Klein, Raffe and Postel "conspired to render [him] legally disabled through the device" of the contempt order. The complaint further stated that Justice Klein's order "opened the door for defendants Raffe and Postel ... to steal [Polur's] legal services" and "to permit defendant Postel to interfere with the Attorney–Client relationship between [Polur] and defendant Raffe." Polur relies on vague, prolix allegations of a conspiracy without pleading any overt acts or providing a basis in fact for his claim. It is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights. *See, e.g., Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977) (per curiam); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.) (per curiam), *cert. denied*, 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983).

The fourth claim stated that Justice Edwards, Schneider and FKMF "conspired to deprive Polur of the civil and constitutional rights of access to the Courts" by dismissing *FKMF I* on the basis of the Gammerman injunction. Again, Polur relies on diffuse averments but does not provide a factual basis for his claim or plead overt acts indicating the existence of a conspiracy. *See, e.g., Ostrer*, 567 F.2d at 553. We find that the second and fourth claims did not state a section 1983 claim against any of the defendants and therefore were properly dismissed by the district court.

B. RICO Claims

■ The predicate acts Polur alleged in support of the RICO claims are premised on his assertion that the contempt order and the sanctions judgment are invalid. We have already noted that Polur is collaterally estopped from litigating these issues. He cannot seek to relitigate them by recasting his allegations as a federal RICO claim. Nor does it matter that two of the defendants, Raffe and Postel, were not parties to the prior actions since the claims asserted against them also challenge the propriety of the contempt order and the imposition of sanctions by the state court

in *Riccobono I. See Koch v. Consolidated Edison Co. of New York*, 62 N.Y.2d 548, 554 & n. 2, 468 N.E.2d 1, 4 & n. 2, 479 N.Y.S.2d 163, 166 & n. 2 (1984), *cert. denied*, 469 U.S. 1210, 105 S.Ct. 1177, 84 L.Ed.2d 326 (1985). Accordingly, the district court did not err in finding that Polur was collaterally estopped from raising the RICO claims in the instant action.

### C. The Injunction

■ Judge Stanton enjoined Polur from filing further suits in the federal courts against Schneider and FKMF relating to the matters at bar. "The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute." *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982) (per curiam), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *see* 28 U.S.C. § 1651(a) (1988). "[T]he traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir.1984); *see Hartford Textile*, 681 F.2d at 897. Although sanctioned by Judge Lowe in *FKMF II*, Polur has continued to file frivolous, repetitious suits. Judge Stanton's order was proper, since the imposition of other sanctions has failed to impress upon Polur the impropriety of his actions. *See Martin–Trigona*, 737 F.2d at 1262; *Hartford Textile*, 681 F.2d at 897.

Our only concern is that the parameters of the injunction are not adequately defined. We therefore modify the order to enjoin Polur from filing without leave of the district court further suits in the federal district courts of New York against FKMF, its attorneys or employees arising out of or relating to the dissolution and receivership of Puccini Clothes, Ltd. The order does not have the effect of denying Polur complete access to the New York federal district courts. Similar orders have been imposed by this court to maintain the integrity of the judicial process. *See Martin–Trigona*, 737 F.2d at 1262–63; *Sassower v. Sansverie*, 885 F.2d 9, 10–11 (2d Cir. 1989) (per curiam).

Raffe and defendant-appellee A.R. Fuels, Inc., a company owned by Raffe, also have requested injunctive relief. Since this is the first suit Polur has filed against them, we find that the district court properly denied their application for that relief. However, we "give fair warning to [Polur] that if he continues to abuse the judicial process by the instigation of frivolous" suits against Raffe and A.R. Fuels, a similar order will be issued on their behalf. *Sassower*, 885 F.2d at 11.

Finally, since it was necessary to modify the injunction, Polur's appellate claims were not wholly frivolous and therefore we deny appellees' requests for sanctions on this appeal. *See* Fed.R.App.P. 38.

### CONCLUSION

The judgment of the district court dismissing the complaint is affirmed. We remand to the district court for entry of an order, consistent with this opinion, modifying the injunction barring Polur from filing further suits against Schneider and FKMF. No costs are awarded on this appeal.