■ In the Matter of THOMAS J. DAILEY, Individually and as President of the Fulton Police Benevolent Association, Inc., Respondent, v MURIEL ALLERTON, as Mayor of City of Fulton, et al., Appellants. [628 NYS2d 911] —Order unanimously affirmed with costs. Memorandum: Petitioner, a Fulton police officer and President of the Fulton Police Benevolent Association,

Inc., commenced a CPLR article 78 proceeding to compel respondents to remove three individuals from their positions as Investigators in the City's police department (incumbent Investigators), and to submit a proposed duty statement for that position for classification, approval and certification to the City's Municipal Civil Service Commission (Commission), as required by Civil Service Law § 22.

In granting the petition, Supreme Court held that the City of Fulton had created a position designated as "Investigator" and that its charter, its collective bargaining agreement, and the Civil Service Law required it to refer that position to the Commission for review. The court rejected the argument of respondents that the incumbent Investigators could not be removed from their positions because they are protected under Civil Service Law § 75 (1) (e). A judgment incorporating the court's decision was entered May 15, 1991, requiring respondents, *inter alia,* "to comply with the provisions of the Civil Service Law [§] 22, and other applicable provisions and to refer the Investigators positions to the Municipal Civil Service Commission for review." Respondents did not appeal from that judgment.

Respondents thereafter referred the Investigator position to the Commission for certification and a civil service examination was held, which resulted in an eligible list for appointment to the positions of Investigator. Only one of the incumbent Investigators was named on the eligible list. On November 16, 1992, in an obvious attempt to circumvent the results of the examination, the Board of Fire and Police Commissioners (Board) passed a resolution "[p]ursuant to Civil Service Law [§] 75.1 (e)", granting the incumbent Investigators permanent status as Investigators based upon their three consecutive years of service in that position.

Petitioner moved pursuant to CPLR 5014 to hold respondents in contempt for failing to comply with the judgment. By order entered October 12, 1993, the court directed respondents to comply with the judgment within 30 days of service of the order by removing the two incumbent Investigators not named on the eligible list from the position and title of Investigator; ordered the City to fill the vacancies from the eligible list; annulled the resolution of the Board purporting to grant the incumbent Investigators permanent status; and permitted a further application for contempt in the event that respondents failed to comply. Respondents appeal from that order. We affirm.

There is no merit to the contention of respondents that the

judgment required only that they comply with Civil Service Law § 22 and that it did not address the removal of the incumbent Investigators. Civil Service Law § 22 requires that a duty statement be referred to the appropriate municipal civil service commission for review and certification whenever a "new position in the service of a civil division shall be created". Respondents do not challenge the court's determination that the position of Investigator is a competitive class position. Additionally, respondents recognized the necessity of complying with the requirements of Civil Service Law § 22 by submitting a duty statement to the Commission. The court's decision underlying the judgment makes clear that the directive in the judgment that respondents comply with "other applicable provisions [of the Civil Service Law]" required respondents to appoint Investigators from the eligible list after the civil service examination was held.

Respondents further contend that the court lacked jurisdiction to order the removal of the two incumbent Investigators not on the eligible list because those individuals were not named as parties. Regardless of what collateral relief may be available to those two Investigators, respondents' failure to appeal from the judgment precludes review of that issue *(see, People ex rel. Sassower v Cunningham,* 112 AD2d 119, 120, *appeal dismissed* 66 NY2d 914). Further, respondents did not raise the issue in Supreme Court *(see, Arvantides v Arvantides,* 106 AD2d 853, *mod on other grounds* 64 NY2d 1033). Likewise, the failure of respondents to appeal from the judgment precludes consideration of their contention that the incumbent Investigators are tenured under sections 58 (4) (c) and 75 (1) (e) of the Civil Service Law.

The contention of respondents that the court erred in directing the removal of only two of the three incumbent Investigators is without merit. There were three vacancies and the incumbent Investigator who was not removed placed third on the eligible list and was, therefore, not subject to removal.

Because petitioner relies upon evidence outside the record in arguing that this appeal is moot, we do not consider that argument *(see, Carhuff v Barnett's Bake Shop,* 54 AD2d 969; *Mulligan v Lackey,* 33 AD2d 991, 992).

We have reviewed respondents' remaining contention and conclude that it is without merit. (Appeal from Order of Supreme Court, Oswego County, Hayes, J.—Contempt.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.