**LOCAL 749, AFSCME, COUNCIL 4, AFL–CIO, Plaintiff,**

**v.**

**Aaron MENT and Robert D. Coffey, Defendants.**

**No. 3:96 CV 1056 (GLG).**

United States District Court, D. Connecticut.

Oct. 30, 1996.

Gagne. & Associates, P.C. by Jason W. Cohen, Wethersfield, CT, for Plaintiff.

Richard Blumenthal, Attorney General, State of Connecticut, by Susan Quinn Cobb, Henry S. Cohn, Hartford, CT, for Defendants.

## OPINION

GOETTEL, District Judge:

This action arises out of the discharge of all Deputy Clerks in the Court system of the State of Connecticut. Plaintiff Local 749, AFSCME, Counsel 4 ("Local 749") has brought suit on behalf of its members alleging that defendants, Judge Aaron Ment, Chief Court Administrator of the State of Connecticut ("Ment") and Robert D. Coffey, Director of the Human Resource Management Unit of the Connecticut Judicial Department ("Coffey"), terminated its members' employment without due process and discriminated against them on the basis of their union activities.

The present action is related to *DeLoreto, et al. v. Ment, et al.,* 944 F.Supp. 1023 (D.Conn.1996). In that case, eleven of the former Deputy Clerks brought suit against the same defendants alleging that defendants "deliberately and intentionally chose to terminate persons occupying positions staffed primarily by females, primarily by persons over the age of 40, and primarily by persons who are perceived to be union activists and leaders among the clerical staff." These cases have been consolidated. There is a third case in which Local 749 is being sued by DeLoreto et al., in essence for not protecting their employment sufficiently. That case has become dormant in part because of the present action.

Defendants Ment and Coffey now move to dismiss plaintiff Union's action on the following grounds: (1) plaintiff's claims for relief against defendants in their official capacities is barred by the Eleventh Amendment; (2) the *Younger* abstention doctrine bars the present action in its entirety; (3) plaintiff's complaint fails to state a cause of action upon which relief may be granted; (4) defendants are entitled to qualified immunity; (5) plaintiff's service of process was insufficient; and (6) mootness precludes some of plaintiff's claims. For the following reasons, defen-

dants' motion to dismiss (Document # 10) is GRANTED in part and DENIED in part.

## FACTS

On March 29, 1996, defendants Ment and Coffey terminated all persons occupying the position of Deputy Clerk in the Connecticut Geographical Area Courts from his or her employment. The layoffs followed an award, granted to Local 749 in arbitration, which called for wage increases and increments totaling 43% and resulting in a $7.1 million budgetary shortfall for the Judicial Branch for the 1995–96 and 1996–97 fiscal years.

Defendants contend that the layoffs were made solely because of such budgetary constraints. Plaintiff, on the other hand, alleges that defendants terminated its members' employment on the basis of their union activities, in violation of their First and Fourteenth Amendment rights, and violated their members' due process rights by failing to afford them proper notice, a hearing, and other procedural rights prior to their termination. Plaintiff also contends that the termination violated Connecticut's Fair Employment Practices Act, C.G.S.A. § 46a–60 *et seq.*, and state common-law by intentionally inflicting extreme emotional distress on the Union's members.

Prior to the filing of the present action, several individual Deputy Clerks initiated grievance procedures through Local 749. In addition, Local 749 filed a grievance with the Connecticut State Board of Labor Relations raising issues also raised in the present matter. Furthermore, approximately three months after initiating the present action, Local 749 filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"), alleging the same acts of discrimination it now raises before this Court.

Plaintiff brings this civil rights action under §§ 1981, 1983, and 1985 of Title 42 of the United States Code, seeking as relief compensatory damages, punitive damages, attorney's fees and costs pursuant to 42 U.S.C. § 1988, and a temporary and permanent injunction requiring defendants to reinstate plaintiffs with full back pay and benefits, and for such other relief as this Court should consider fair and equitable.

Plaintiff alleges that, at all times relevant to their Complaint, defendants were acting in their official capacities. Plaintiff alleges specifically, however, that it is suing defendants in their official capacities only as to plaintiff's request for injunctive relief and attorney's fees. It is suing defendants in their individual capacities with respect to plaintiff's demand for compensatory and punitive damages, as well as its request for attorney's fees.

## DISCUSSION

On a motion to dismiss, a court is limited to the facts alleged in the complaint. *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir.1995). The court must construe these facts most favorably to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. Fed.R.Civ.P. 12(b)(6); *Allen v. West-Point–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991).

We addressed several of the grounds raised by defendants in this motion in our August 2, 1996 decision in *DeLoreto, et al. v. Ment, et al.*, 944 F.Supp. 1023 (D.Conn.1996). Specifically, we ruled on defendants' motion to dismiss plaintiffs' claims, holding that (1) defendants, in their official capacity, were not immune to suit pursuant to the Eleventh Amendment, to the extent that plaintiffs' sought reinstatement and prospective benefits; (2) the *Younger* abstention doctrine did not apply under the facts of this case; (3) defendants were not entitled to qualified immunity; (4) plaintiffs' claim for damages was not mooted; and (5) several of plaintiffs' claims withstood a motion to dismiss on the grounds that plaintiffs failed to state a claim upon which relief could be granted. To the extent that the facts underlying both cases have not changed, we rely on the reasoning set forth in our earlier decision, *DeLoreto, et al. v. Ment, et al.*, 944 F.Supp. 1023 (D.Conn. 1996).

*Abstention*

Although not the first issue raised by defendants, we address the abstention argument first because our decision on this issue could obviate the need to reach the remaining issues. Defendants argue that the abstention doctrine, as set forth in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, bars this action in its entirety. Plaintiff, on the other hand, contends that abstention is inappropriate because the grievances for contractual violations and the labor board complaint alleging state statutory violations do not provide an adequate outlet for the Union's constitutional claims.

■ In *DeLoreto,* we declined to apply the *Younger* doctrine to plaintiffs' claims for monetary and prospective injunctive relief. We reasoned that neither the internal arbitration proceedings nor the state administrative proceeding initiated by Local 749 would offer the Deputy Clerks a full and fair opportunity to litigate the constitutional claims at issue. Additionally, because plaintiffs were not seeking to enjoin the state proceedings or declare unconstitutional any state procedures or laws, and the issues raised in the federal suit were sufficiently different from those raised in the state proceedings, we found that abstention was not required. However, since we decided *DeLoreto,* Local 749 has filed a complaint with the CCHRO. Thus, we must now determine whether abstention is appropriate in light of the pending CCHRO proceeding. For the following reasons, we find that it is not.

As a starting point, as we noted in our earlier decision, the central feature to every *Younger* case is still not present here: plaintiff is not the defendant in the state proceeding. The *Younger* doctrine presumes that the federal action would interfere with ongoing state proceedings since, typically, the federal plaintiff's object in filing the federal action is either to seek an injunction against state proceedings themselves or to challenge the law applied in those proceedings. *Gwynedd Properties, Inc. v. Lower Gwynedd Township,* 970 F.2d 1195 (3d Cir.1992). However, in this case, because the federal plaintiff is also the state plaintiff, the *Younger* policy of non-interference with state prosecutions is not an issue. *Lemon v. Tucker,* 664 F.Supp. 1143, 1147 (N.D.Ill.1987). *Younger* abstention is therefore inapplicable here.

■ Moreover, even if we were to view defendants' request for abstention as one based on the argument that since the plaintiff can obtain its desired relief by raising its federal claims in the state proceeding we should remit the plaintiffs to that forum, we still find the exercise our jurisdiction improper. A federal court may eschew its duty to exercise jurisdiction over all cases properly before it only under exceptional circumstances. *Colorado River Conservation District v. United States,* 424 U.S. 800, 813, 817–818, 96 S.Ct. 1236, 1244, 1246–47, 47 L.Ed.2d 483 (1976).

■ Furthermore, it is well settled that the pendency of an action in the state court is no bar to proceedings concerning the same subject matter in the federal court having jurisdiction.[1] *Gwynedd Properties, Inc. v. Lower Gwynedd Township,* 970 F.2d at 1202, citing, *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 504–05, 54 L.Ed. 762 (1910). *Accord, Colorado River Conservation District v. United States,* 424 U.S. at 817, 96 S.Ct. at 1246. In addition, if we were to abstain in this case merely because the plaintiff could raise its federal claims in the state administrative hearing, then we would essentially be requiring this federal plaintiff to exhaust its constitutional claims in a state forum before resorting to a federal forum. The Supreme Court in *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), explicitly held that such a view would be contrary to law. *Lemon v. Tucker,* 664 F.Supp. at 1147.

1. It is worth noting that Local 749 filed the complaint which forms the basis of this suit in federal court against defendants Ment and Coffey on June 10, 1996, almost three months before it filed its complaint with the CCHRO on August 22, 1996. Thus, on the comparison of the commencement dates alone, the state proceeding was not "ongoing" at the time that the federal suit was filed.

Thus, in sum, we find that the abstention doctrine enunciated in *Younger* is not applicable to this case. We also refuse to remit plaintiff to the state administrative forum to litigate its constitutional claims because such exhaustion of state remedies is not required here. Accordingly, we address defendants' remaining claims.

### Eleventh Amendment Immunity—Official Capacity Claims

Defendants next argue that plaintiff's claims are barred by the Eleventh Amendment. We addressed this argument in *DeLoreto* and held that defendants could not be sued in their official capacities for damages and retrospective relief under § 1983. We further held that, to the extent that plaintiff sought reinstatement and prospective benefits, these claims were not barred by the Eleventh Amendment. Since the facts upon which we based our earlier decisions have not changed, our reasoning is equally applicable here. Thus, we deny defendants' motion to dismiss on the grounds that all of plaintiff's claims are barred by the Eleventh Amendment.

### Qualified Immunity—Individual Capacity Claims

■ Defendants also assert in their motion to dismiss that, as to plaintiff's claims against them in their individual capacities, they are entitled to qualified immunity with respect to the administrative decision to lay off plaintiff's members. We find, however, that defendants are not entitled to invoke qualified immunity as a defense to plaintiff's claims against them in their individual capacities for the same reasoning set forth in *DeLoreto*. Accordingly, defendants' motion to dismiss on the grounds that they are entitled to qualified immunity is denied.

### Mootness

■ As we held in *DeLoreto*, the rehiring of some of the Union's members does not moot Local 749's claims for relief since plaintiff seeks damages as well as the reinstatement of its members who were not rehired by defendants. Therefore, we deny defendants' motion to dismiss on this ground.

### Failure to State a Claim

Defendants also seek to dismiss plaintiff's complaint on the grounds that it failed to state a claim upon which relief can be granted.

#### (1) 42 U.S.C. § 1981

■ Section 1981 prohibits discrimination on the basis of race and national origin. Since plaintiff contends only that defendants dismissed its members because of their union activities, plaintiff has not alleged discrimination in violation of § 1981. Thus, defendant's motion as to this cause of action is granted.

#### (2) 42 U.S.C. § 1985

■ Defendants also move to dismiss plaintiff's § 1985 claim. As we stated in *DeLoreto*, the Second Circuit has repeatedly required specifics factual allegations to support conspiracy claims. *See Leon v. Murphy*, 988 F.2d 303 (2d Cir.1993); *Polur v. Raffe*, 912 F.2d 52 (2d Cir.1990), *cert. denied*, 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991). Since plaintiff's allegations of conspiracy are vague and conclusory, we grant defendants' motion to dismiss as to this claim, without prejudice to replead with greater specificity.

#### (3) Civil Rights Claims

Defendants also move to dismiss plaintiff's § 1983 claim on the grounds that it is not plead with sufficient specificity. In *DeLoreto*, we held that in order to properly state a claim under § 1983, a plaintiff must allege that (1) the deprivation was committed by a person acting under the color of state law and (2) he was deprived of a right secured by the Constitution and laws of the United States. *DeLoreto, et al. v. Ment, et al.*, 944 F.Supp. 1023 (D.Conn.1996), *citing, West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988).

■ We find that plaintiff has alleged adequately that defendants were acting under the color of state law in their respective positions as Chief Court Administrator and Director of Human Resource Management. The more difficult issue is whether plaintiff

has alleged adequately the deprivation of a right secured by the Constitution and laws of the United States. We will address separately each of the possible grounds on which plaintiff's § 1983 claim could be based.

### –Equal Protection

■ Defendants move to dismiss plaintiff's § 1983 claim premised on the alleged violation of the Equal Protection Clause of the Fourteenth Amendment. In its complaint, plaintiff claims that defendants "have deprived the plaintiff Union's members of equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution." Notably absent from the complaint is any allegation that defendants discharged its members based on the consideration of membership in a protected classification. As such, we find that plaintiff has failed to allege a § 1983 claim premised on the violation of the Equal Protection clause. Accordingly, defendants' motion to dismiss on this ground is granted. We grant defendants' motion without prejudice to replead.

### –Due Process Claim

■ Defendants also move to dismiss plaintiff's § 1983 claim based on a due process violation. As we stated in *DeLoreto*, the question of whether plaintiff's members were deprived of procedural due process depends on whether, within the meaning of the Due Process clause, plaintiff's members had a property interest in their positions as Deputy Clerks, and whether due process required a hearing prior to the deprivation. *DeLoreto, et al. v. Ment, et al.*, 944 F.Supp. 1023 (D.Conn.1996), citing, *Dwyer v. Regan*, 777 F.2d 825, 829 (2d Cir.1985), *as modified by*, 793 F.2d 457 (2d Cir.1986).

■ In its complaint, plaintiff does not allege on what basis it is claiming a property interest. In addition, plaintiff does not allege to what procedural due process rights it is claiming entitlement. Thus, plaintiff has not set forth a § 1983 cause of action with respect to procedural due process and we therefore grant defendants' motion to dismiss without prejudice to replead.

### –First Amendment Freedom and Speech and Association

■ Defendants' third ground for dismissing plaintiff's § 1983 claim is that plaintiff has failed to allege any facts to support its First Amendment claims. We disagree. We believe that plaintiff has sufficiently alleged a violation of its members' First Amendment rights to association. However, we agree with defendants that plaintiff has not alleged any grounds necessary to establish a violation of its members' First Amendment rights to free speech. Specifically, we find that plaintiff failed to allege any statements that resulted in the termination of its members, that the statements were matters of public concern, that the constitutionally protected speech was a substantial or motivational factor in the employer's actions, and that the interests of the union members in commenting on a matter of public concern outweighed the state actor's interests in maintaining efficient public service. *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Thus, we deny defendants' motion to dismiss plaintiff's § 1983 First Amendment freedom of association claim, but grant the motion with respect to the First Amendment freedom of speech claim with leave to replead.

### State Law Claims

■ Defendants also ask us to dismiss plaintiff's state law claim for intentional infliction of emotional distress, a claim over which we may, in our discretion, exercise jurisdiction. In *DeLoreto*, we declined to accept supplemental over this claim on the basis that the law in this area is unsettled and that there was potential for jury confusion. We agree with our reasoning in that decision, and therefore decline to exercise jurisdiction over Local 749's claim for emotional distress in the instant case.

### Service of Process

Finally, defendants contend that plaintiff's service of process was insufficient in that it failed to follow the procedure for serving process on state officials sued in their official

capacities as set forth in Conn.Gen.Stat. § 52–64. Because plaintiff has since served defendants in the proper manner, defendants' motion to dismiss on this ground is moot.

### CONCLUSION

Accordingly, defendants' motion to dismiss (Document # 10) is GRANTED in part and DENIED in part. To the extent noted above, plaintiff is granted leave to file an amended complaint within twenty days from the date of this decision.

So Ordered.