■ In the Matter of the Estate of KATHERINE WERNER, Deceased. JASON L. SHAW, as Executor of KATHERINE WERNER, Deceased, Appellant; DONALD B. WERNER, as Executor of VIRGINIA L. WERNER, Deceased, Respondent. [670 NYS2d 609] —Yesawich Jr., J. Appeal from an order of the Surrogate's Court of Columbia County (Czajka, S.), entered January 31, 1997, which, *inter alia*, denied petitioner's application to disallow respondent's claim against decedent's estate.

Decedent died testate on March 15, 1995, a resident of Columbia County. Upon receiving notice of the death and the probate of decedent's estate, respondent, decedent's son and executor of the estate of Virginia L. Werner (decedent's former wife, who had died August 17, 1990), filed a claim against decedent's estate for $54,425, plus interest, representing the amount allegedly due Werner for alimony and child support

pursuant to a 1954 Illinois divorce decree. Petitioner rejected the claim, asserting, *inter alia*, that it is barred by the Statute of Limitations and laches, and thereafter commenced this proceeding pursuant to SCPA 1809 to obtain an order disallowing it on the same grounds. Surrogate's Court, finding questions of fact as to the validity of the claim, denied the petition and ordered all issues to be tried and determined upon judicial settlement of the executor's accounts (*see*, SCPA 1808). Petitioner appeals.

We reverse. As respondent has not converted the Illinois decree into a New York judgment by authentication and filing (*see*, CPLR 5402), or by any other available means (*see*, CPLR 5406; *Blackburn v Blackburn*, 113 Misc 2d 619, 621; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:2, at 499), there has been no judicial determination that the decree is entitled to full faith and credit (*see*, *Ehrenzweig v Ehrenzweig*, 86 Misc 2d 656, 664, *affd* 61 AD2d 1003), or that the payments called for therein have not, in fact, been made (*see*, *Glotzer v Glotzer*, 112 Misc 2d 851, 853). Absent such findings, a foreign decree ordinarily will not be enforced by New York courts (*see*, *Blackburn v Blackburn, supra*, at 621).

There is no need to consider whether these matters could be resolved by Surrogate's Court in the context of settling decedent's estate, however, for even if the underlying decree had been converted into a New York judgment, or otherwise recognized as having created a valid obligation, respondent's claim would fail. Whether governed by the 20-year period set forth in CPLR 211 for enforcement of money judgments, the shorter six-year period applicable to orders of alimony and support entered prior to August 17, 1987 (*see*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C211:7, at 422-423), or the relevant Illinois statute, which provides that "no judgment shall be enforced after the expiration of 7 years from the time the same is rendered, except upon the revival of the same" (Illinois Stat Annot ch 735, § 5/12-108; *cf.*, *Pearson v Pearson*, 108 AD2d 402, 404, *affd* 69 NY2d 919), respondent's present attempt to enforce the decree—commenced some 42 years after it was entered—is untimely. Respondent does not maintain that the decree was revived within the 20-year period for doing so (*see*, Illinois Stat Annot ch 735 § 5/13-218), or that any statutory tolling provision extended the time to take such action. Nor has respondent, who concededly did not begin to search for decedent until the early 1980s, tendered any proof, beyond mere speculation,

that the latter took any evasive action within the limitations period that might have tolled its passage.

Moreover, while respondent maintains that decedent's concealment of his (and later her) whereabouts, coupled with a change of name and gender,* frustrated his efforts to enforce the decree, the record is devoid of any indication that respondent, or his mother—neither of whom knew, at that time, that decedent had changed his identity—even tried to locate him, let alone to enforce or revive the judgment, prior to 1980, by which time the longest of the aforementioned limitations periods had expired. This protracted and unexplained delay, and the ensuing death of both parties to the decree (making it, as far as this record discloses, virtually impossible to establish with any certainty such critical facts as whether and to what extent any payments were made thereunder), militates in favor of barring respondent's claim on the ground of laches (*see, Stevenson v Stevenson*, 32 AD2d 675, 675-676).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, without costs, petition granted and respondent's claim against the estate of Katherine Werner is disallowed.

---

* Decedent, respondent's father, was known as Donald T. Werner prior to his separation from Virginia L. Werner and departure from the marital residence; he apparently underwent a sex-change operation and assumed the name Katherine Werner, after the couple divorced.