In the Matter of the Estate of CARL H. SKEELE, Deceased. ROBERT SKEELE, Appellant; VIVIAN B. SKEELE, as Executrix of CARL H. SKEELE, Deceased, Respondent. [791 NYS2d 759]—

Appeal from an order of the Surrogate's Court, Onondaga County (Peter N. Wells, S.), entered February 11, 2004. The order granted the motion of Vivian B. Skeele, as executrix of the estate of Carl H. Skeele, deceased, to dismiss the claim of Robert Skeele.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Robert Skeele (claimant) submitted a claim against his father's estate, seeking to recover funds allegedly due to him from a real estate transfer in 1994, based upon a 1988 agreement reached with his father. He appeals from an order that granted respondent's motion to dismiss the claim as time-barred, contending that decedent's will directed the payment of all debts, whether time-barred or not. As neither the will nor claimant's opposition to the motion is included in the record, the issue is not properly before this Court (*see Matter of Dailey v Allerton*, 216 AD2d 865, 867 [1995]; *Fehlhaber Corp. v State of New York*, 65 AD2d 119, 131 [1978], *lv denied* 48 NY2d 604 [1979]). In any event, Surrogate's Court properly dismissed the claim as time-barred. "An executor or administrator is bound to set up the bar of the [s]tatute of [l]imitations, and has no authority to allow a claim so barred" (*Hamlin v Smith*, 72 App Div 601, 610 [1902]; *see also Matter of Werner*, 248 AD2d 907, 908 [1998]; *Matter of Flaum v Birnbaum*, 177 AD2d 170, 180 [1992], *lv dismissed* 80 NY2d 925 [1992]). As the claim was not filed until November 11, 2002, it was properly dismissed as time-barred pursuant to CPLR 213 (2). Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.