Marilyn A. STRONG, Plaintiff,

v.

BOARD OF EDUCATION OF the UNIONDALE UNION FREE SCHOOL DISTRICT; Alan G. Hernandez, Individually and as Superintendent of Schools of the Uniondale Union Free School District, Defendants.

No. 88–CV–3917 (ERK).

United States District Court, E.D. New York.

May 1, 1991.

Christopher Meagher, Conrad W. Lower, New York City, for plaintiff (for purposes of defendants' motion for sanctions and counsel fees).

Rains & Pogrebin, P.C. by Terence M. O'Neil and Mark Rheinhardt, Mineola, N.Y., for defendants.

## CORRECTED MEMORANDUM AND ORDER

KORMAN, District Judge.

On May 2, 1990, the Court of Appeals affirmed an order granting the defendants' motion for summary judgment. *Strong v. Board of Educ. of Uniondale Union Free School District*, 902 F.2d 208 (2d Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 250, 112 L.Ed.2d 208 (1990). On November 28, 1990, after the Supreme Court denied plaintiff's petition for a writ of certiorari, the defendants renewed their application for sanctions pursuant to Fed.R.Civ.P. 11 and for counsel fees as the prevailing party pursuant to 42 U.S.C. § 1988. On consent of the parties, these motions had been held in abeyance pending the appeal from the order granting the motion for summary judgment.

Plaintiff asserted three separate claims against the defendants. Specifically, plaintiff argued (1) that she was denied the right to return to her position as a tenured teacher without a prior hearing, (2) that, even if she was accorded the process that was due before she was barred from returning to work, the ground on which she was precluded from so doing—her refusal to provide medical records—violated her right to privacy, and (3) that Section 913 of the Education Law, which empowers a local school district to order a teacher to undergo a medical examination, was unconstitutional on its face.

The defendants initially argued that these three claims, which were specifically addressed on the merits in the order granting summary judgment, were frivolous. Defendant Alan G. Hernandez, the Superintendent of the Uniondale Free School District, also argued that he enjoyed the defense of qualified immunity for his part in the alleged violation of plaintiff's procedural due process rights. While the determination of the merits of plaintiff's procedural due process claim made it unnecessary for me or the Court of Appeals to consider whether the claim against Mr. Hernandez was frivolous, defendants argue that it too justifies sanctions.

(1)

■ The opinion of the Court of Appeals, as a practical matter, resolves the question of Rule 11 sanctions and counsel fees with respect to the three issues that were addressed in my order granting summary judgment. The "careful consideration" that the Court of Appeals gave plaintiff's due process and privacy claims and the grounds upon which they were rejected, *see Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), compel the conclusion that the positions advanced by plaintiff and her attorney, "however faulty, were not so untenable as a matter of law as to necessitate sanction." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). Nor were these claims so "frivolous, unreasonable or groundless" as to warrant counsel fees under 42 U.S.C. § 1988. *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Indeed, defendants appear to have abandoned their request for sanctions and counsel fees as to these two claims. On the other hand, the treatment by the Court of Appeals of plaintiff's facial attack on the constitutionality of Section 913 of the Education Law confirms my initial assessment that this argument was patently frivolous. The challenge ignored "the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others." *Massachusetts v. Oakes*, 491 U.S. 576, 581, 109 S.Ct. 2633, 2637, 105 L.Ed.2d 493 (1989). Moreover, there was simply no basis for plaintiff's argument that Section 913 was unconstitutional on its face and as applied to her. Indeed, the Court of Appeals decided the issue before certifying it to the Attorney

General of New York pursuant to 28 U.S.C. § 2403(b) and without awaiting his response. As the Court of Appeals explained:

> We consider this an appropriate course of action where the claim appears frivolous or where we will not even reach the constitutional issue.

*Strong*, 902 F.2d at 213 n. 3.

■ Because the Court of Appeals chose to reach and reject plaintiff's Section 913 claim without asking for a response from the Attorney General, it is reasonable to assume that it found the claim sufficiently frivolous to avoid "burden[ing] the Attorney General unnecessarily . . ." *Id.* Unfortunately, plaintiff and her attorney did burden the Board of Education unnecessarily with defending against that frivolous cause of action. The fact that it was joined with other causes of action that are sufficient to survive a Rule 11 motion does not provide a basis for denying defendants' motion for sanctions. *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504–05 (2d Cir.1989).

I reach this conclusion with great reluctance. As I observed during oral argument, plaintiff's counsel "is a very bright, able, aggressive lawyer, and if every lawyer that appeared before me were like her, my job would be a lot easier. . . . But, lawyers like that, lawyers who have all of those attributes, occasionally get carried away." Hearing Tr. at 31. A system, which too readily tolerates the failings of lawyers who do not aggressively raise and litigate issues that ought to be raised, should be willing to accept an occasional misstep by an exceptionally bright and zealous lawyer. Indeed, the Court of Appeals summarily denied defendants' application for sanctions pursuant to Fed. R.App.P. 38. Unfortunately, I do not have such discretion. Under Rule 11, sanctions are mandatory. *See Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 n. 7 (2d Cir.1985).

(2)

■ There remains for consideration defendants' argument that plaintiff's decision to press ahead with her cause of action against defendant Hernandez, particularly after he moved to dismiss the complaint on the ground of qualified immunity, warrants similar remedial relief. This argument is without merit.

The defense of qualified immunity may arise in different contexts. The Court of Appeals recently summarized the applicable law:

> The threshold issue is whether the relevant law was clearly established at the time the alleged violation occurred. In other words, the rights that plaintiff asserts were violated must have been clearly established in a "particularized sense," so that a reasonable official would know that his actions violated plaintiff's rights. *Even when a plaintiff's federal rights are so clearly defined that a reasonable public official would know that his actions might violate those rights, qualified or good faith immunity might still be available as a bar to a plaintiff's suit if it was objectively reasonable for the public official to believe that his acts did not violate those rights.* If the right is so generalized that its application in the factual context of the case is subject to doubt, the immunity defense may bar action against the official.

*Kaminsky v. Rosenblum*, 929 F.2d 922, 925 (2d Cir.1991) (citations omitted) (emphasis added).

In this case, the holding of the Court of Appeals on the due process issue suggests that, if the qualified immunity defense had been addressed, defendant Hernandez would have been entitled to prevail on the ground that it was objectively reasonable for him to have believed that he could have deprived plaintiff of the benefits of her position without a pre-deprivation hearing. Plaintiff's argument to the contrary, however, was not frivolous.

It is clear that "[t]he private interest affected—the right of a tenured teacher to continue practicing her profession and receiving her salary—is substantial indeed." *Strong*, 902 F.2d at 212. The position "is indisputably a property interest protected by the fourteenth amendment." *Id.* at 211. Because, "[o]rdinarily, procedural due

process requires notice and an opportunity to be heard," *id.* at 212, a reasonable public official would know that his actions in denying plaintiff the benefits of her tenured position without a pre-deprivation hearing "might violate" her rights. *Kaminsky,* 929 F.2d at 925.

The holding of the New York Court of Appeals that a prior hearing is not necessary before a tenured teacher is placed on involuntary sick leave without pay, *Brown v. Board of Education,* 16 N.Y.2d 1021, 265 N.Y.S.2d 903, 213 N.E.2d 314 (1965), is not dispositive here because it rested solely on New York law. The Supreme Court has held that once it is determined that the Due Process Clause applies, the question of what process is due is not determined by state law. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1492, 84 L.Ed.2d 494 (1985). Indeed, in its opinion affirming the dismissal of the plaintiff's complaint, the Court of Appeals implicitly recognized that a pre-deprivation hearing is normally required in the circumstances at issue here. *Strong,* 902 F.2d at 212.

While the Court of Appeals concluded that, because there were no disputed issues of fact, a pre-deprivation hearing would have "amounted to an empty formality," *Strong,* 902 F.2d at 912, plaintiff could reasonably have argued that such a hearing was required. Specifically, even if plaintiff could properly have been denied the benefits of her tenured position because of her refusal to provide medical reports, it was not "frivolous, unreasonable or groundless" for her to argue that she was at least entitled to an opportunity to demonstrate that her refusal was justified and that it did not warrant the adverse action that was taken. *See Loudermill,* 470 U.S. at 542–44, 105 S.Ct. at 1493–95. Moreover, because it was not unduly burdensome or impossible to provide a pre-deprivation hearing, it was not "frivolous, unreasonable and groundless" for plaintiff to argue that the mere availability of a post-deprivation hearing did not render unnecessary a prior hearing. *See Zinermon v. Burch,* 494 U.S. 113, 132, 110 S.Ct. 975, 986, 108 L.Ed.2d 100 (1990); *Dwyer v. Re-*

*gan,* 777 F.2d 825, 833 (2d Cir.1985), *modified* and *reh'g denied,* 793 F.2d 457 (2d Cir.1986). While the "strong interest" of the School District in safeguarding the health and welfare of its students justified its refusal to permit plaintiff to return to work, *Strong,* 902 F.2d at 212, plaintiff could reasonably argue that this interest could have been accommodated by granting her a paid leave of absence while she was provided with the process she was due, *see Loudermill,* 470 U.S. at 544–45, 105 S.Ct. at 1494–95.

■ My colleague, Judge Weinstein, recently observed that special care should be taken in awarding Rule 11 sanctions in cases such as this:

> Some litigations should be, if not encouraged, at least not discouraged. Of particular importance are cases brought against government officials and government agencies. Such suits are often the only effective channel for keeping within bounds official arrogance and lawlessness.

*Eastway Construction Corp. v. City of New York,* 637 F.Supp. 558, 575 (E.D.N.Y. 1986), *modified,* 821 F.2d 121 (2d Cir.1987), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). Where, as here, a plaintiff's federal rights are "so clearly defined that a reasonable public official would know that his actions might violate those rights," *Kaminsky,* 929 F.2d at 922, and the issue turns on a good faith dispute over whether—despite the knowledge that the defendant was treading on dangerous ground—it was reasonable for him to believe that his acts did not violate plaintiff's federal rights, an award of Rule 11 sanctions and counsel fees is not warranted. *See Eastway Construction Corp. v. City of New York,* 762 F.2d at 254 ("Courts must strive to avoid the wisdom of hindsight in determining whether a pleading was valid when signed, and any and all doubts must be resolved in favor of the signer.")

### Conclusion

The application for an award of sanctions pursuant to Fed.R.Civ.P. 11 is granted to

the extent indicated above and otherwise denied. The award is against plaintiff's attorney. I am aware that there is discretion to order similar relief against plaintiff pursuant to 42 U.S.C. § 1988. Because the sanctions awarded pursuant to Rule 11 will fully compensate defendants for the litigation decisions made by plaintiff's counsel, such an award does not appear to be necessary or appropriate.

SO ORDERED.