14-1505-cv
*Knox v. Town of Southeast, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

RAYMOND C. KNOX,

      *Plaintiff-Appellant,*

        v.                                                No. 14-1505-cv

TOWN OF SOUTHEAST, MICHAEL RIGHTS, TOWN
SUPERVISOR, individually and in his official capacity,
DWIGHT YEE, TOWN COUNCILMAN, individually
and in his official capacity, ROBERT CULLEN, TOWN
COUNCILMAN, individually and in his official capacity,

      *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**    COSTANTINO FRAGALE, Law Office of
                                Costantino Fragale, Mamaroneck, NY.

---

[*]    The Clerk of Court is directed to amend the official caption to conform with the above.

**FOR DEFENDANTS-APPELLEES:**  DENISE M. COSSU (James A. Randazzo, *on the brief*), Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY.

Appeal from a March 31, 2014 judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Raymond C. Knox ("Knox"), a then 72-year-old man formerly employed by the Town of Southeast as the Director of Parks and Recreation, appeals the March 31, 2014 judgment of the District Court granting defendants' motion for summary judgment. Knox alleged that the Town of Southeast and three of its elected officials unlawfully amended the town's automobile usage policy and subsequently eliminated Knox's civil service position, in violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983, the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the New York State Human Rights Law ("NYSHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). "A defendant is entitled to summary judgment where the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiff[ ] bear[s] the burden of proof." *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (internal quotation marks and alterations omitted). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Upon *de novo* review of the record on appeal and upon consideration of the arguments advanced by the parties, we affirm the judgment of the District Court, substantially for the reasons set forth in its March 31, 2014 Opinion and Order.

On appeal, Knox challenges the District Court's summary dismissal of his procedural and substantive due process claims. Because it is undisputed that Knox possessed a protected property interest in his employment by the Town, the pertinent question is whether he received the requisite process prior to the deprivation of that interest. *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). We have held that where a governmental body implements a "substantial reduction in its work force" for efficiency reasons, no pre-termination hearings are required. *Dwyer v. Regan*, 777 F.2d 825,

2

833 (2d Cir. 1985), *modified* 793 F.2d 457 (2d Cir. 1986). Even where, as here, an employee alleges that he was impermissibly and singly targeted for termination, the municipality need only provide a "hearing prior to the termination of his employment" if the employee "request[s] such a hearing." *Id.* Knox concedes that he never requested a pre-termination hearing, but argues that he was not afforded sufficient time to make such a request, because he received notice of his forthcoming termination on the same day as the Town Board's budget vote. That argument is unpersuasive. As the District Court correctly noted, six weeks elapsed between the Town Board's November 18, 2010 vote to eliminate Knox's position and the termination of his employment on December 31, 2010, during which time Knox could have, but did not, request a hearing. *Cf. id.* at 828, 833 (holding that where the plaintiff was notified in September 1983 that his position would be abolished, but his employment was not terminated until October 31, 1983, he was required to allege that he "protested the announced elimination of his position or that he sought a pretermination hearing" in order to state a procedural due process claim). Having failed to do so, Knox cannot now recover on procedural due process grounds.

Knox's substantive due process claim is even weaker. To establish a substantive due process claim, a plaintiff must demonstrate a deprivation of a protected property interest "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). Knox entirely ignores this standard in his briefing both here and before the District Court, and instead argues, with no case law support, that the alleged termination of a civil service employee "in bad faith" constitutes a substantive due process violation. *See* Appellant's Br. at 16-26. The District Court properly found that plaintiff's "bad faith" termination argument is, as his case citations suggest, governed instead by the New York Civil Service Law, which is absent from his pleadings and his briefing. Since Knox has failed to set forth a cognizable substantive due process claim, we affirm the District Court's summary dismissal here too.[1]

Knox's remaining claims for discrimination and retaliation in violation of the FMLA, ADA, ADEA and NYSHRL are analyzed pursuant to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (applying *McDonnell Douglas* to NYSHRL employment discrimination claim); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (applying *McDonnell Douglas* to ADEA claim); *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (applying *McDonnell Douglas* to ADA claim); *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (applying *McDonnell Douglas* to FMLA retaliation claim). In the *McDonnell Douglas* analysis, a plaintiff must first establish a *prima facie* case of violation, which shifts the burden to the defendant to articulate a legitimate, non-

---

[1]  Even pursuant to the standards of the New York Civil Service Law, Knox's claim is without merit for the reasons stated by the District Court, including the fact that Bohrman and Gallipani shared duties that Knox had previously performed and were placed under the supervision of the Town Board. *See Knox v. Town of Southeast*, No. 11 Civ. 8763 (ER), 2014 WL 1285654, at *7-8 (S.D.N.Y. Mar. 31, 2014).

3

discriminatory reason for its conduct, at which point the burden shifts back to the plaintiff to show that defendant's explanations are a pretext for impermissible discrimination. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996).

In each instance, the District Court found that Knox had failed to set forth a *prima facie* case of discrimination or retaliation under the relevant statute. Upon *de novo* review, we agree. Even if we assume for the sake of argument that Knox has established a *prima facie* case of unlawful activity, he fails to carry his burden of showing that defendants' legitimate, non-discriminatory explanations are mere pretext.

To the extent that Knox's FMLA and ADA claims arise out of his limited access to the Town vehicle after his return to work in July 2010 and before the modification of the automotive policy on August 26, 2010, his claims fail for lack of causation. Knox testified that Defendants Rights and Yee told him long before his hospitalization that they did not want him keeping the vehicle at his home. *See* Appellee's App. at 110-113. This fact, combined with the fact that a change in the vehicle policy had been discussed for more than a year prior to his hospitalization, belies any claim that Knox's limited access to the vehicle was the result of his heart condition or the fact that he took FMLA leave. *See Potenza*, 365 F.3d at 168 ("In order to make out a *prima facie* case [under the FMLA], [a plaintiff] must establish that . . . the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent."); *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) ("To make out a *prima facie* case under the ADA, a plaintiff must establish that . . . he suffered [an] adverse employment action because of his disability.").

To the extent that Knox's discrimination and retaliation claims arise out of the Town's modification of the automotive policy (such that Knox was thereafter precluded from keeping the Town vehicle at his residence overnight), his claims were rightly dismissed for wholly failing to demonstrate the required "material[] adverse change in the terms, privileges, duration and conditions of employment," *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002), or an action that would "likely . . . dissuade a reasonable worker in the plaintiff's position from exercising his legal rights." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011).

To the extent that Knox's claims arise out of his termination, there too he has failed adequately to support an inference of discrimination or retaliation. Knox's FMLA and ADA claims largely rest on a dubious interpretation of defendant Rights' apparently innocuous (or even well-meaning) comment at a Town Board meeting that "Ray has not been feeling well," Appellant's App. at 198, and a contention regarding the alleged temporal proximity between Knox's summer 2010 FMLA leave and his November termination. Both claims were rightly rejected by the District Court. *See Knox*, 2014 WL 1285654, at *11 & n.15.

Finally, with respect to his claim that defendants violated the ADEA by discharging him "because of" his age, 29 U.S.C. § 623(a)(1), Knox fails to show that "forbidden animus was a

4

motivating factor." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 162 (2d Cir. 1998) (internal quotation marks omitted). Knox's admissible evidence amounts to no more than stray remarks made to others by Town Board members who voted *against* the elimination of Knox's position.[2] *See Tomassi v. Insignia Fin. Grp.*, 478 F.3d 111, 115 (2d Cir. 2007) (recognizing that remarks by non-decision makers "may have little tendency to show that the decision-maker was motived by the discriminatory sentiment expressed in the remark"), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009). In light of the significant evidence adduced by defendants regarding the Town's budgetary constraints and desire to structure lay-offs such that the Department could "run smooth[ly]," Appellant's App. at 120-121, no rational fact-finder could find that Knox has carried his burden to show discrimination.[3]

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the District Court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] With regard to the alleged comment made by non-party Councilman Gross to non-party Patricia Bohrman, who subsequently relayed it to Knox, we decline to disturb the District Court's holding that this remark constitutes non-admissible hearsay and need not be considered on a motion for summary judgment. *See Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (a district court's exclusion of hearsay evidence on a motion for summary judgment will be reviewed for abuse of discretion).

[3] Because the NYSHRL claim requires the same proof as the ADEA and ADA claims, Knox's state law claims fail as well. *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006); *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180 (2d Cir. 1992).

5